## ENPROTECH CORP.

v.

William RENDA; FKC America Inc.; Sakae Iimuro; Hachiro Sato; Fukoku Kogyo Ltd.

and

William RENDA, Third–Party Plaintiff,

v.

C. ITOH & CO. (AMERICA) INC., Third–Party Defendant,

v.

C. ITOH & CO. (AMERICA) INC., Fourth–Party Plaintiff,

v.

Sakae IIMURO; FKC America Inc.; Fukoku Kogyo Ltd.; Hachira Sato, Fourth–Party Defendants,

v.

FUKOKU KOGYO CO. LTD.; Hachiro Sato, Fifth–Party Plaintiffs,

v.

ENPROTECH CORP.; C. Itoh & Co. (America) Inc.; C. Itoh & Co. (Japan) Ltd.; R. Kitamura; R. Morita; G. Ikeda, Fifth–Party Defendants,

Fukoku Kogyo Co., Ltd., and Hachiro Sato, Appellants.

No. 92–5179.

United States Court of Appeals, Third Circuit.

Argued Sept. 22, 1992.

Decided Jan. 5, 1993.

18

Lloyd De Vos (argued), Andrew W. Heymann, De Vos & Company, New York City, for appellants Fukoku Kogyo Co., Ltd. and Hachiro Sato.

John T. Dolan, Christine A. Amalfe (argued), Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for appellees Enprotech Corp. and C. Itoh & Co. (America) Inc.

Before: MANSMANN and ROTH, Circuit Judges, RESTANI, Judge, U.S. Court of International Trade.[1]

OPINION OF THE COURT

ROTH, Circuit Judge

■ "Final" is a concept that is seemingly simple in definition but endlessly elusive in application. Congress historically has required *finality* as a prerequisite of federal appellate procedure to "achiev[e] a healthy legal system."[2] *Cobbledick v. United States,* 309 U.S. 323, 326, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940); *Dugan & McNamara v. Clark,* 170 F.2d 118, 119 (3d Cir.1948). In our federal courts, even though a party contends that an order is final, we do not acquiesce in that conclusion. We must make our own determination that finality does exist.

The case before us presents the issue of whether we may consider as final, and therefore appealable, a district court order denying a pretrial civil discovery motion to compel production of a settlement agreement. Only if we determine that the order is a final order, may we exercise jurisdiction to review it. The appellants Fukoku Kogyo Co., Ltd., and Hachiro Sato (collectively referred to as "Fukoku") argue that the order is appealable under our holding in *Bank of America Nat'l Trust v. Hotel Rittenhouse Associates,* 800 F.2d 339 (3d Cir.1986), which recognizes the common law right of access to judicial records and proceedings. Appellees Enprotech Corp. and C. Itoh & Co. (America) Inc. (collectively referred to as "Enprotech") argue that the district court order is not a final decision under 28 U.S.C. § 1291 and, therefore, is not appealable. Because we find that the order is not final, we conclude that we do not have appellate jurisdiction and we will dismiss the appeal.[3]

1. Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

2. "Thereby, is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Cobbledick,* 309 U.S. at 325, 60 S.Ct. at 541.

3. Appellants do not prevail on their "access to public records" argument; therefore, the district court's order is an interlocutory discovery order. The parties have not offered grounds for collateral or interlocutory review and we have no reason to consider such grounds either under § 1291 or § 1292. Moreover, because we do not find the public access doctrine applicable, we do not attempt to decide the issue of whether a pretrial denial of public access is appealable as a final or a collateral order. *See*

## I.

Enprotech initiated an action in 1987 for alleged commercial misconduct against Fukoku and defendants William Renda, Sakae Iimuro and FKC America, Inc. (collectively "the former defendants"). On June 20, 1991, Enprotech and the former defendants executed a confidential Settlement Agreement which resolved all claims and disputes between them. The parties to the Agreement prepared a Stipulation and Consent Order requesting that the district court dismiss Enprotech's claims against the former defendants and the counterclaims asserted by the former defendants against Enprotech. On August 6, 1991, the district judge entered an order granting the parties' stipulation of dismissal, pursuant to Fed.R.Civ.P. 41(a)(2).

The order calls for the district court to retain jurisdiction during the term of the Settlement Agreement, which runs to March 31, 1996. The order further provides that "all parties to the confidential Settlement Agreement shall have the right to seek sanctions, costs, or other relief from the court in the event any party fails to comply with the terms and conditions thereof." No such failures have been asserted to date. Moreover, the Settlement Agreement has never been filed with, placed "under seal" by, or otherwise submitted to the district court.

The present case results from an action taken on August 15, 1991. The remaining defendants, Fukoku, served a discovery request upon Enprotech consisting of interrogatories and requests for both the Agreement and other documents relating to the Agreement. Enprotech's counsel advised Fukoku that the terms of the Agreement were confidential and could not be disclosed. Counsel further advised Fukoku that the terms of the Agreement did not relate to or affect Enprotech's dispute with Fukoku; therefore, in Enprotech's view, the discovery request sought information that was irrelevant to Fukoku.

*Republic of Philippines v. Westinghouse Electric Corp.,* 949 F.2d 653, 658 n. 4 (3d Cir.1991).

On September 20, 1991, Fukoku filed a Motion to Compel Production of the Settlement Agreement with the magistrate judge. After hearing oral argument, the magistrate judge denied Fukoku's motion on November 13, 1991. On December 2, 1991, Fukoku filed a Notice of Objection to the magistrate judge's order denying the motion to compel production of the settlement documents, pursuant to Fed.R.Civ.P. 72(a). The district court reviewed the magistrate judge's order and entered an order and opinion on March 2, 1992, denying Fukoku's motion and affirming the magistrate judge's order in all respects. Fukoku sought appeal of the district court's order before this Court.

## II.

The United States District Court for the District of New Jersey had jurisdiction over this action based upon 28 U.S.C. § 1332. The appellants claim that we have jurisdiction to hear their appeal under 28 U.S.C. § 1291. We must now determine whether the district court's affirmance of the magistrate judge's decision denying public access to the Settlement Agreement is a *final* decision appealable under § 1291.[4]

## III.

Under 28 U.S.C. § 1291, Congress has vested the courts of appeals with "jurisdiction of appeals from all *final* decisions of the district courts...." 28 U.S.C. § 1291 (1988) (emphasis added). The Supreme Court has consistently interpreted this language as indicating that a party may not take an appeal under this section until there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (*quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945));.

4. In ruling on finality, we have not considered the propriety of the decision on the merits of the pretrial discovery issue and we take no position on that question.

*Coleman by Lee v. Stanziani,* 735 F.2d 118, 120 (3d Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 515, 83 L.Ed.2d 404 (1984). Pretrial discovery orders generally are not "final decisions" within the meaning of 28 U.S.C. section 1291. *See United States v. Ryan,* 402 U.S. 530, 532, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940); *New York v. U.S. Metals Ref. Co.,* 771 F.2d 796, 799 (3d Cir.1985). Fukoku contends, however, that this Court has jurisdiction to review the district court's order based upon the common law right of access to judicial records doctrine that we acknowledged in *Bank of America Nat'l Trust v. Hotel Rittenhouse Associates,* 800 F.2d 339 (3d Cir.1986).

In *Bank of America,* we held that "the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate." *Bank of America,* 800 F.2d at 344. The right of the public to inspect and copy judicial records antedates the U.S. Constitution. *United States v. Criden,* 648 F.2d 814, 819 (3d Cir.1981); *see Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978) (reaffirming a presumption in favor of access to public records and documents, including judicial records and documents) (footnotes omitted). Accordingly, when a settlement is filed with a district court and becomes a judicial record, or when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision, then the settlement documents can become part of the public component of a trial. *See Bank of America,* 800 F.2d at 343–44.

In its Statement in Support of Jurisdiction and in its statements at oral argument before this Court, Fukoku specifically relied on dictum in *Bank of America* that states, "[i]n prior cases in this Court, orders granting or denying access to sealed portions of the record have been found appealable." *Id.* at 341 n. 2.[5] Fukoku

admits that, although Enprotech did not file its Settlement Agreement in the district court, the district court incorporated by reference into its stipulation order the terms of the Agreement, thereby making the agreement a judicial document. Fukoku concludes that the district court's actions constitute court involvement that mandates disclosure of the Agreement. For the following reasons, we think that Fukoku's reliance upon *Bank of America* is misplaced.

First, the settlement agreement at issue in *Bank of America* had been filed under seal with the district court. *Id.* at 341. Moreover, the parties to the agreement sought and obtained the district court's active participation in interpreting and enforcing the disputed terms of the settlement agreement. *Id.* By contrast, in the present case, Enprotech's Settlement Agreement has remained completely confidential, has never been filed with the district court, and has never been interpreted or ordered enforced by the district court.

Second, the dictum in *Bank of America* on the issue of the appealability of the order in that case referenced prior decisions of this Court wherein a party sought to "unseal" portions of "the record." *See United States v. Smith,* 787 F.2d 111, 115 (3d Cir.1986) (access to transcripts of sidebar or chambers conferences at which evidentiary or substantive rulings have been made); *United States v. Criden,* 648 F.2d 814 (3d Cir.1981) (access to audiotapes that were introduced into evidence); *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059 (3d Cir.1984) (access to a hearing closed to the public). By contrast, as we have previously noted, Enprotech's Settlement Agreement has not been filed with, placed under seal, interpreted or enforced by the district court. Therefore, Fukoku's reliance upon the cases cited in *Bank of America* is misguided.

Third, Fukoku argues that the district court "so ordered" compliance with the

---

**5.** Appeals from two suits were pending before this Court in *Bank of America.* Because we had jurisdiction to hear the appeal in one suit, we did not decide if the order was appealable in the

second suit, in which a determination on the merits had not yet occurred. We, therefore, dismissed the appeal in the second suit.

terms of the Settlement Agreement by referring to the Agreement in its order. We agree with the conclusions of both the magistrate judge and the district judge, however, that the district court "so ordered" the parties' stipulation of dismissal and *not* their compliance with the terms and conditions of Enprotech's confidential Settlement Agreement.[6] The Settlement Agreement, therefore, is not a part of the judicial record subject to disclosure under the public access doctrine. Moreover, the Agreement will not become a part of the public record unless and until the district court may order the parties to comply with its terms.

Fourth, Fukoku asserts as a basis of appellate jurisdiction that it has a substantial interest in learning whether the settlement documents contain an admission of liability by the settling defendants or whether the settling defendants have reached an agreement to testify against Fukoku in exchange for dismissal of Enprotech's claims against them in the litigation pending. We remind Fukoku, however, that the district court's order did not finally dispose of its dispute with Enprotech; rather, it merely affirmed the magistrate judge's denial of Fukoku's pretrial motion to compel production of the settlement documents. Therefore, the district court's order is not an appealable final order under 28 U.S.C. § 1291.[7]

Finally, Fukoku claims that the order is appealable because by its terms the district court retained jurisdiction over the Settlement Agreement until its expiration. At oral argument, Fukoku asserted that the district court thereby could institute contempt proceedings against Enprotech or the former defendants for breach of the Settlement Agreement. While it is true that the district court retained jurisdiction over the matter, Fukoku's argument over-

looks the fact that to date, neither Enprotech nor the former defendants have sought enforcement of the Agreement in the district court based upon an alleged breach. Therefore, Fukoku's reliance on the inherent contempt powers of the court is premature. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 n. 13 (8th Cir.1984) (court cannot use its contempt powers to enforce a court order that merely acknowledges and approves a settlement agreement whose terms are not incorporated in the order).

## IV.

For the foregoing reasons, we find that the order from which Fukoku seeks to appeal is not a final order. It is an interlocutory nondispositive pretrial discovery order that is not appealable. Therefore, we will dismiss the appeal.

---

6. At the hearing of Fukoku's Motion to Compel Production of the Settlement Agreement, the magistrate judge responded to Fukoku's counsel that "[t]here is not anything that I can see in the *Bank of America* case that says that you or the public has a right of access to private documents that have not been filed with the Court. And they haven't been. I don't even know what it says. I'm sure [the district judge] doesn't

know what it says either because he hasn't seen it. And neither have I and neither have you." App. at 47.

7. As we note in footnote 4 above, we have not considered the propriety of the magistrate judge's decision on the merits of this pretrial discovery question.