

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# In Re: Rory Walsh

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Rory Walsh " (2007). *2007 Decisions*. Paper 1245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-75                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4792

IN RE: RORY M. WALSH,
                                                    Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 05-cv-00818)

Submitted Under Rule 21, Fed. R. App. P.
December 15, 2006

Before:  BARRY, AMBRO AND FISHER, CIRCUIT JUDGES

(Filed: April 19, 2007)

OPINION

PER CURIAM

      Rory M. Walsh sued the United States of America, the Department of the Navy,

and eight military officers relating to incidents, including a burglary and his attempted

murder by arsenic poisoning, that allegedly occurred while Walsh was serving in the

Marine Corps.  In response to Defendants' motions to dismiss, the District Court

dismissed all claims against the United States, the Navy, and seven of the military

officers. Claims remain against Defendant Jones, but, on October 31, 2006, on Jones's motion, the District Court stayed proceedings against him until February 1, 2007, pursuant to the Service Members Civil Relief Act. Apparently, General Jones was stationed out of the country on active duty in the military.

Walsh now petitions for a writ of mandamus. In his petition, he complains that Jones and the other Defendants "continue to resist discovery" and violate the District Court's orders. He also believes that Jones has orchestrated break-ins at his residence. For these reasons, he contends that he is entitled to relief under the victims' rights statute of 18 U.S.C. § 3771. Specifically, ostensibly proceeding under § 3771(a)(1), he asks for a restraining order against Jones, Defendant Humble, and various other military entities and officers. Pursuant to § 3771(d)(3), he requests the immediate arrest of Humble on charges of attempted murder. He also requests that Assistant United States Attorney Mark Morrison be removed as defense counsel, in part because Morrison has not chosen to prosecute Humble, and in part because Morrison is allegedly involved in removing evidence from Walsh's home during break-ins. Walsh requests restitution under § 3771(a)(6) for discovery violations and for District Court discovery rulings that he deems unsatisfactory. He also argues that the District Court improperly concluded that sovereign immunity bars his claims against the Navy, and asks that we presently consider whether the District Court's ruling on that issue was correct. Walsh also asks that we "seriously consider immediately reviewing and reversing" the District Court's order denying his motion for summary judgment and an order allowing Defendants to withdraw

2

what he terms "de facto admissions."

Soon after filing his petition for writ of mandamus, Walsh filed a motion for summary action on his mandamus petition. In a separate motion, he requests "expeditious consideration" of his petition under Local Rule 4.1. He argues that such consideration is warranted because Jones retired from the Marine Corps on December 8, 2006, and because Naval Intelligence Agents purportedly broke into Walsh's residence on October 18, 2006. With his motion to expedite, Walsh requests a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure. Specifically, he asks that we order Jones to "surrender both his diplomatic and domestic passports" and that we freeze Jones's assets. In another motion, Walsh seeks a temporary restraining order against Jones, Humble, and military officers and entities pursuant to 18 U.S.C. § 1514.

We will deny Walsh's petition and motions. To the extent that Walsh petitions for a writ of mandamus independently of 18 U.S.C. § 3771, we conclude that he does not overcome the high hurdle for such relief. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted). For his disagreements with the District Court on issues of discovery, sovereign immunity,

3

and summary judgment, Walsh has the ordinary avenue of appeal available to him after the District Court enters a final order in his case.[1]  Accordingly, Walsh cannot show that no other adequate means of relief exists.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

While mandamus relief is available under a different, and less demanding, standard under 18 U.S.C. § 3771 in the appropriate circumstances, see 18 U.S.C. § 3771(d)(3); Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1017 (9th Cir. 2006); United States v. Rigas, 409 F.3d 555, 562 (2d Cir. 2005), neither it, nor the other relief Walsh requests under § 3771, is available to Walsh here.  Even assuming that Walsh is a crime victim for whom mandamus and other relief is available under§ 3771 (a generous assumption, see 18 U.S.C. § 3771(e) (defining "crime victim")), Walsh applies for relief in the wrong court.  See id. at § 3771(d)(3).  As Walsh is not entitled to a writ of mandamus under § 3771 or otherwise, he is not entitled to summary action on his mandamus petition.

---

[1]  Although Walsh believes that at least some of the District Court's orders to which he objects are immediately appealable, we note that none appears to be so.  He appears to confuse the appealability of an order denying a motion to dismiss or a motion for summary judgment on the basis of immunity with the appealability of an order granting such a motion on immunity grounds.  See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985); Kulwicki v. Dawson, 969 F.2d 1454, 1459-60 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1407 (3d Cir. 1991).  The latter, unlike the former, is not immediately appealable.  Nor are orders relating to discovery disputes or denying summary judgment ordinarily immediately appealable.  See Enprotech Corp. v. Renda, 983 F.2d 17, 20-21 (3d Cir. 1993) (holding that an order denying a discovery motion is not a final decision of the District Court within the meaning of 28 U.S.C. § 1291); McNasby v. Crown, Cork & Seal Co., 832 F.2d 47, 49 (3d Cir. 1987) (holding that an order denying a motion for summary judgment is not an immediately appealable order).

4

Walsh's reliance on 18 U.S.C. § 1514 for relief also is misplaced. Not only does he apply for a temporary restraining order in the wrong court, but also he is not the person authorized by statute to apply for such an order to restrain harassment of a crime victim or witness. See 18 U.S.C. § 1514(a). Accordingly, we deny Walsh's request for a temporary restraining order pursuant to 18 U.S.C. § 1514.

We also deny Walsh's request for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. Rule 65 governs the issuance of temporary restraining orders in the district courts. Furthermore, even if Rule 65 governed in this case, we would not conclude that Walsh satisfied the standard for a temporary restraining order against Jones. See Nutrasweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 (3d Cir. 1999).

We also deny Walsh's "motion for expeditious consideration" under Local Rule 4.1. First, Local Rule 4.1 provides an avenue for a party to seek an expedited appeal. The instant case is not an appeal – it is a petition for writ of mandamus. Second, expedition under Local Rule 4.1 requires an exceptional reason. Walsh does not present an exceptional reason (and to the extent that he seeks expedition because of alleged October break-in, he does not timely present a basis to expedite). See Local Rule 4.1 & Committee Comments (requiring motions for expedited appeals to be made promptly).

In sum, we will deny Walsh's petition for writ of mandamus, and we deny his motions.

5