*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: NATHAN SIMONS,

           *Petitioner.*

No. 09-3109

_____

Decided and Filed: February 5, 2009[*]

Before: MOORE, CLAY, and GIBBONS, Circuit Judges.

_____

**ORDER**

_____

The petitioner seeks a writ of mandamus under 18 U.S.C. § 3771(d)(3) to enforce his rights as a crime victim under the Crime Victims' Rights Act (the "CVRA"), the Mandatory Victims' Restitution Act, and the Constitution of the United States. The petition arises out of a criminal proceeding pending in the district court. The defendant in the underlying criminal action, the United States, and the district judge have responded to the petition. The petitioner moves for leave to file a reply memorandum in support of his petition. We permit the filing of the reply memorandum.

The district court sealed the criminal action on August 25, 2008. The petitioner, asserting that he is a victim under the CVRA, moved the district court to unseal the record on November 5, 2008. The statute directs the district court to "take up and decide any motion asserting a victim's right forthwith." 18 U.S.C. § 3771(d)(3). The district court has not ruled on the motion to unseal. The CVRA provides that if a district court denies a motion for relief under the statute, the movant may petition the court of appeals for a writ

_____

[*] This order was originally issued as an "unpublished order" filed on February 5, 2009. On May 21, 2009, the court designated the order as one recommended for full-text publication.

of mandamus. The court of appeals "shall take up and decide" the petition within 72 hours. 18 U.S.C. § 3771(d)(3).

The petitioner seeks an order directing the district court to ensure that he is afforded his rights as a crime victim and to unseal the record. In response, the parties and the district judge assert that the petition for a writ of mandamus is premature because there has been no ruling by the district court on the petitioner's motion to unseal. They further assert that no substantive proceedings have taken place in the district court since the petitioner filed his motion to unseal. Thus, they argue, the petitioner has not been denied any rights under the CVRA.

The United States also argues that because the district court has not denied the petitioner's motion, the petition for a writ of mandamus is not properly brought under the CVRA, but should be considered as a petition filed under the All Writs Act, 28 U.S.C. § 1651. However, the failure of the district court to rule on the motion for a three-month period can be construed as an effective denial of rights under the CVRA. Although there may not have been any substantive proceedings in the criminal action during this three-month period, the sealing of the record prevented the petitioner from determining whether his rights under the statute were being violated. A crime victim has the right "to be treated with fairness and with respect for the victim's dignity . . . ." 18 U.S.C. § 3771(a)(8).

We note a split of authority among the circuit courts as whether a petition for a writ of mandamus under the CVRA is reviewed under the traditional standard applied to petitions under the All Writs Act or a more lenient, appellate-review standard. *Compare In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (holding that the traditional standard applies); *In re Antrobus*, 519 F.3d 1123, 1125 (10th Cir. 2008); *with In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562-63 (2d Cir. 2005) (holding that the more lenient, appellate-review standard applies); *In re Walsh*, 229 F. App'x 58 (3d Cir. 2007) (unpublished); *Kenna v. United States Dist. Ct. for the Central Dist. of Cal.*, 435 F.3d 1011, 1017 (9th Cir. 2006). We need not resolve the question of the proper standard of review in this case because the petitioner is entitled to relief under the stricter, traditional mandamus standard of review.

A party seeking relief in mandamus generally must demonstrate a "clear and indisputable" right to that relief. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976); *In re Am. President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). The CVRA requires the district court to rule upon a motion to enforce CVRA's rights "forthwith." The unexplained, three-month passage of time without a ruling by the district court does not comply with the statute. Therefore, the petitioner has demonstrated a clear and indisputable right to a prompt ruling on his motion to unseal so that he will be in a position to assert whatever rights he has under the CVRA.

The petitioner's motion for leave to file a reply memorandum is **GRANTED.** The petition for a writ of mandamus is **GRANTED**, and the district court is directed to rule on the petitioner's motion to unseal no later than two weeks from the entry of this order.

CLAY, Circuit Judge, dissenting. I would grant the petition for writ of mandamus but would revise the order to provide that the petitioner's motion to unseal is granted forthwith; I would not delay by remanding to the district court to rule on the motion to unseal within two weeks as provided by the order. I would also have the order indicate that the petitioner shall be provided henceforth with notice of dates of the upcoming court proceedings in the district court. As far as the motion to unseal is concerned, it should be noted that none of the parties nor the district court have provided sufficient justification in their responses to this Court for sealing the court file in the first place. All we have is the defendant's unsubstantiated and unsupported representation that he fears retaliation from anonymous, unidentified individuals with whom he might be incarcerated in prison in the future if the file is not sealed. That vague contention is hardly enough to overcome the public interest in not sealing the file, particularly when the person making the representation is someone totally lacking in credibility who is known to identify himself by multiple names. Furthermore, in view of the passage of time without a ruling by the district court on the motion to unseal, I am completely baffled by the majority's order to permit up to an additional two weeks to expire before the district court is required to rule. The parties and the district court were afforded ample opportunity to provide any information bearing on this issue prior to this Court's ruling, and further delay in unsealing the file, which never should have been sealed in the first place, is entirely inappropriate and contrary to the purposes of Crime Victims' Rights Act and the Mandatory Victims' Restitution Act.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk