**CLD-206**                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1627
_____

CHARLES THOMAS MONROE

v.

MICHAEL BRYAN

Charles T. Monroe,

Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-09-cv-01004)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: June 29, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Charles Thomas Monroe appeals, among other things, the District Court's denial

of his motion for a preliminary injunction.  For the reasons below, we will summarily

affirm the portion of the District Court's order denying his motion for a preliminary injunction. We otherwise lack jurisdiction over the appeal.

On December 29, 2009, Monroe filed a complaint alleging that a corrections officer assaulted him and that the warden allows a pattern and practice of Eighth Amendment and Due Process violations. On July 6, 2011, Monroe filed a motion for leave to amend this complaint. Since his original filing, he has several times sought and been denied various forms of injunctive relief. On December 28, 2011, he filed another motion for a preliminary injunction. He alleges that he was assigned to a maximum security housing unit ("SHU"), where there is no opportunity for earning good time credit, in retaliation for filing complaints against prison officials. In this motion he requested for the first time that the District Court order that he be reclassified to a lower level of security where there would be an opportunity to earn good time credit. On February 21, 2012, the District Court issued an order in which it denied Monroe's motion for a preliminary injunction, along with his motions for leave to file an amended complaint, to compel disclosure of medical records, and to appoint counsel. On March 1, 2012, Monroe filed notice of appeal.

## I.

We have jurisdiction over the appeal of the order to the extent it denies Monroe injunctive relief under 28 U.S.C. § 1292(a)(1). See Rodgers v. United States Steel Corp., 541 F.2d 365, 373 (3d Cir. 1976) (holding that a refusal to grant injunctive relief is appealable provided that the refusal is based on the merits of the case). We lack

jurisdiction to the extent Monroe appeals the rest of the order. See Enprotech Corp. v. Renda, 983 F.2d 17, 20-21 (3d Cir. 1993) (an order denying a motion to compel is not a final, appealable order); In re Kelly, 876 F.2d 14, 15 (3d Cir. 1989) (an order denying leave to amend is interlocutory not appealable); Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984) (an order denying a motion for appointment of counsel may be reviewed only on appeal from the final judgment to be entered in the case).

## II.

A preliminary injunction is an extraordinary remedy that requires the District Court to consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). We must determine whether the District Court "abused its discretion, committed an obvious error in applying the law, or made a clear mistake in considering the proof." In re Assets of Martin, 1 F.3d 1351, 1357 (3d Cir. 1993). In concluding that Monroe did not make the showing necessary for a preliminary injunction, the District Court neither abused its discretion nor clearly erred in applying the law or considering the proof.

The District Court was correct that Monroe's allegations, taken as true, fail to create a plausible inference that his placement in the SHU inflicted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and that he therefore has no protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484

3

(1995); <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997). Monroe has not shown that placement in the SHU lies beyond what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." <u>Fraise v. Terhune</u>, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted). Monroe stresses that he has lost eligibility to earn good time credits. He does not, however, allege that he has lost any good time credit that he has earned, let alone that "the State's action will inevitably affect the duration of his sentence." <u>Sandin</u> at 487. The alleged injury is "simply too attenuated." <u>Id.</u>

To the extent that Monroe seeks injunctive relief based on his allegations of retaliation, we note that the District Court's order denied Monroe leave to amend his complaint to add such a claim; the Court stated that his avenue for relief was a new cause of action. That portion of the order is not reviewable at this time, but we note that his motion did not articulate a substantial basis to support such a claim, let alone a preliminary injunction in this case.

Accordingly, we agree with the District Court that Monroe has not shown that he is likely to succeed on the merits of his arguments. Because we also agree that Monroe does not otherwise qualify for a preliminary injunction, we will summarily affirm the denial of injunctive relief pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. In all other respects, the appeal is dismissed.