Nidal M. HASAN, Major
U.S. Army, Appellant

v.

Gregory GROSS, Colonel
U.S. Army, Military Judge, Appellee

Nos. 13-8011/13-8012/AR

Crim. Army Misc. Nos. 20120876/10120877

United States Court of Appeals for the Armed Forces

Decided December 3, 2012

PER CURIAM

<u>Counsel</u>

For Appellant:  Lieutenant Colonel Kris Poppe, Major Christopher Martin, and Captain Kristin McGrory (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, Captain Chad M. Fisher, and Captain Kenneth W. Borgnino (on brief).

Military Judge:  Gregory Gross

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

PER CURIAM:

This case comes to us on an interlocutory appeal prior to the start of Appellant's court-martial.  Appellant seeks (1) a writ of prohibition, barring enforcement of the military judge's order that Appellant's beard be forcibly shaved on the grounds that the order violates the Religious Freedom Restoration Act (RFRA) of 1993, 42 U.S.C. §§ 2000bb to bb-4 (2006), and (2) a writ of mandamus ordering the removal of the military judge on the basis of actual bias, or in the alternative, the appearance of bias.  Applying the heightened standard required for mandamus relief, we conclude that based on a combination of factors, a reasonable person, knowing all the relevant facts, would harbor doubts about the military judge's impartiality.  United States v. Martinez, 70 M.J. 154, 158 (C.A.A.F. 2011); United States v. Quintanilla, 56 M.J. 37, 78 (2001); United States v. Wright, 52 M.J. 136, 141 (C.A.A.F. 1999); United States v. Kincheloe, 14 M.J. 40, 50 (C.M.A. 1982).  Thus, we order the removal of the military judge on the basis of the appearance of bias.  As a result, the military judge's order to forcibly shave Appellant is vacated, as are the six contempt citations.  We need not and do not decide if and how RFRA might apply to Appellant's beard.  Should the next military judge find it necessary to address Appellant's beard, such issues should be addressed and litigated anew.

FACTUAL BACKGROUND

Appellant is charged with thirteen specifications of murder and thirty-two specifications of attempted murder arising from shootings that occurred on November 5, 2009, at Fort Hood, Texas. A trial on the merits has not yet begun.

The military judge in this case serves as the Chief Circuit Judge at Fort Hood. In this capacity, he detailed himself to Appellant's case. At the time of the incident, he was at Fort Hood presiding over a court-martial and his family was shopping at a location on the installation. During and after the shooting, the buildings on the installation were placed on lockdown, including the building in which the military judge was hearing the court-martial.

On June 6, 2012, Appellant, a practicing Muslim, requested a religious exception from AR Reg. 670-1 from his commander. See Dep't of the Army, Reg. 670-1, Uniforms and Insignia para. 1-8.a.(c)(2) (3 Feb. 2005) (Rapid Action Revision, May 11, 2012) [hereinafter AR Reg. 670-1] ("Males will keep their face clean-shaven when in uniform or in civilian clothes on duty."); Dep't of the Army, Reg. 600-20, Personal-General, Command Policy para. 5-6.g.(4)(h)4. (Mar. 18, 2008) (Rapid Action Revision, Sep. 20, 2012) [hereinafter AR Reg. 600-20] (permitting a commander to approve a request for accommodation). His commander denied his request and directed him to comply with the Army's grooming

3

standards, but took no further action to enforce Appellant's compliance.

On June 8, 2012, Appellant appeared at a session pursuant to Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a) (2006), in the proper uniform but with a beard. The military judge stated on the record that Appellant's beard was a "disruption to this trial and in violation of RCM 804." The military judge warned Appellant that if he refused to shave he would be removed from the courtroom and required to participate in future sessions of the trial by closed-circuit television either in the deliberation room or in a trailer outside the courtroom. Defense counsel noted that except for the beard, Appellant was in the proper uniform and invited the military judge's attention to the discussion under Rule for Courts-Martial (R.C.M.) 804, which states that "'[i]n order to justify removal from the proceedings, the accused's behavior must be of such a nature as to materially interfere with the conduct of the proceedings.'" Following the Article 39(a), UCMJ, session, the military judge went to the deliberation room latrine. He found what he described as "what appeared to be feces spread out on the floor" of the latrine. He then ordered defense counsel to "[g]et someone over to the courtroom immediately" to clean the latrine and stated that "[t]he accused will not use that latrine again." At each subsequent hearing,

the military judge held Appellant in contempt, fined him $1000, and had him removed from the courtroom to watch the proceedings by closed-circuit television.

Defense counsel submitted a "Renewed Motion to Disqualify the Military Judge."[1]  The defense argued that the military judge had become personally biased against the accused because of his beard.  Defense counsel also cited the latrine incident and stated that Department of Emergency Services (DES) personnel determined that the substance on the floor was in fact mud tracked in by a DES guard.  With respect to his ruling that Appellant's beard was a disruption, the military judge explained:

> Defense, I agree with you that the accused is not being disruptive, as in a normal case, where someone is yelling, arguing with the military judge, or civilian judge . . . . However, I disagree with your assertion . . . that his appearance does not take away from the dignity, order and decorum of a court-martial . . . .
>
> . . . .
>
> . . . The accused in this case does not have the exception. His conduct is disrespectful.  He is disobeying an order from the court; he is disobeying an order from his commander to be clean shaven.  His appearance is disruptive.

A recess was called in order to have Appellant removed from the courtroom and relocated to a trailer outside the building where

---

[1] Defense counsel had previously moved for the military judge's recusal based on his close ties to Fort Hood and his and his family's physical presence on Fort Hood during the shooting.

Appellant could see and hear the proceedings by closed-circuit television.  The military judge denied the recusal motions.

Appellant filed for extraordinary relief with the Court of Criminal Appeals (CCA).  When his petition was denied below, Appellant sought relief in this Court on August 6, 2012.  On August 27, 2012, we denied the writ-appeal without prejudice because the military judge had not yet issued a definitive order for Appellant to be forcibly shaved.

On September 6, 2012, the military judge ordered Appellant to be forcibly shaved, but stayed execution of this order until Appellant had the opportunity to petition the CCA for relief. On September 19 and 20, 2012, Appellant filed for relief with the CCA.  In a divided opinion, the CCA denied relief on October 18, 2012.  Hasan v. United States, ARMY MISC Nos. 20120876, 20120877, 2012 CCA LEXIS 399, at *16, 2012 WL 5077652, at *4 (A. Ct. Crim. App. Oct. 18, 2012).  On October 22, 2012, this Court stayed further proceedings pending consideration of Appellant's two writ-appeal petitions.[2]

---

[2] Appellant's writ-appeal petitions were filed on November 7, 2012, and the Government's responses to both of Appellant's writ-appeal petitions were filed on November 16, 2012. In view of the existence of a vacant position on the Court, the Chief Judge called upon Senior Judge Andrew S. Effron to perform judicial duties in this case, and Senior Judge Effron consented to perform said judicial duties under Article 142(e)(1)(A)(ii), Uniform Code of Military Justice, 10 U.S.C. § 942(e)(1)(A)(ii) (2006).  See Hasan v. Gross, 71 M.J. 386, 387 n.* (C.A.A.F. 2012).

DISCUSSION

To prevail on his writ of mandamus, Appellant must show that:  (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances.  Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004).  We conclude that Appellant has met his burden.

Impartiality on the Part of the Military Judge

In the military context, the appearance of bias principle is derived from R.C.M. 902(a):  "A military judge shall disqualify himself . . . in any proceeding in which that military judge's impartiality might reasonably be questioned." The standard for identifying the appearance of bias is objective:  "[a]ny conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned."  Kincheloe, 14 M.J. at 50 (alteration in original) (internal quotation marks omitted).  As in the civilian context, recusal based on the appearance of bias is intended to "promote public confidence in the integrity of the judicial process."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7 (1988).  "[W]hat matters is not the reality of bias or prejudice but its

7

appearance." Liteky v. United States, 510 U.S. 540, 548 (1994). In the military justice system, where charges are necessarily brought by the commander against subordinates and where, pursuant to Article 25, UCMJ, 10 U.S.C. § 825 (2006), the convening authority is responsible for selecting the members, military judges serve as the independent check on the integrity of the court-martial process. The validity of this system depends on the impartiality of military judges in fact and in appearance. For the reasons stated below, we order the removal of the military judge based on the appearance of bias.

As an initial matter, the command, and not the military judge, has the primary responsibility for the enforcement of grooming standards. See AR Reg. 600-20; Dep't of Defense Instr. 1300.17, Accommodation of Religious Practices Within the Military Services (Feb. 10, 2009). The maintenance of discipline, unit cohesion and unit morale are command responsibilities and functions. A military judge's contempt authority is directed toward control of the courtroom. Although the military judge here stated that Appellant's beard was a "disruption," there was insufficient evidence on this record to demonstrate that Appellant's beard materially interfered with the proceedings. See R.C.M. 804 Discussion ("In order to justify removal from the proceedings, the accused's behavior should be of such a nature as to materially interfere with the

conduct of the proceedings.").  Thus, taken together, the decision to remove Appellant from the courtroom, the contempt citations, and the decision to order Appellant's forcible shaving in the absence of any command action to do the same, could lead an objective observer to conclude that the military judge was not impartial towards Appellant.

In light of these rulings, and the military judge's accusations regarding the latrine, it could reasonably appear to an objective observer that the military judge had allowed the proceedings to become a duel of wills between himself and Appellant rather than an adjudication of the serious offenses with which Appellant is charged.

Moreover, we are cognizant that the military judge and his family were present at Fort Hood on the day of the shootings. While this fact alone is not disqualifying, when viewed in light of the factors identified above, an objective observer might reasonably question the military judge's impartiality.  See R.C.M. 902(a); see also Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995) (holding that, even in the absence of impropriety, the judge presiding over the initial trial of the Oklahoma City bombers had to be recused because (1) his court was one block away from the explosion, (2) his court was physically damaged by the blast that killed 169 people, and (3) the blast "injured a

9

member of his staff, as well as other court personnel and their families").

Having concluded that Appellant has shown a clear and indisputable right to removal of the military judge, we further determine that there is no other adequate means for Appellant to attain relief and that removal is appropriate under the circumstances. Cheney, 542 U.S. at 380-81.

## DECISION

Appellant's writ-appeal petitions for mandamus and prohibition are hereby granted. In light of the above, the military judge is ordered removed. The appropriate authority shall detail a new military judge in this case. Further, the contempt convictions against Appellant, as well as the military judge's order to forcibly shave Appellant, are hereby vacated.