# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| Corey J. CAMPBELL | ) | Misc Dkt No. 2018–06 |
| Staff Sergeant (E-5) | ) | |
| U.S. Air Force | ) | |
|     *Petitioner* | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jennifer FORBUS | ) | |
| Commander (O-5) | ) | |
| U.S. Navy | ) | |
| Commandant, Naval Consolidated | ) | |
| Brig Miramar | ) | |
| | ) | |
| John PLANSKY | ) | |
| Parole and Release Director | ) | |
| FOIA/PA Administrator | ) | |
| Naval Consolidated Brig Miramar | ) | |
|     *Respondents* | ) | **Panel No. 2** |

A military judge sitting as a general court-martial convicted Petitioner, contrary to his pleas, of one specification of sexual assault by causing bodily harm in violation of Article 120(b)(1)(B), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(1)(B) (2012); two specifications of abusive sexual contact by causing bodily harm in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012); one specification of adultery, in violation of Article 134, UCMJ, 10 U.S.C. § 934; and one specification of wrongfully providing alcohol to a minor, also in violation of Article 134, UCMJ, 10 U.S.C. § 934. Petitioner's adjudged and approved sentence included a dishonorable discharge, confinement for 55 months, and reduction to the grade of E-1.

In Petitioner's initial appeal to this court, we affirmed the findings and sentence. *United States v. Campbell*, No. ACM 38875, 2017 CCA LEXIS 153 (A.F. Ct. Crim. App. 28 Feb. 2017) (unpub. op.). The United States Court of Appeals for the Armed Forces (CAAF) granted review on the issue of whether this court erred when we held that the military judge's use of charged conduct for propensity purposes, although error, was not constitutional error and we did not test for prejudice using the harmless beyond a reasonable doubt standard. *United States v. Campbell*, 76 M.J. 440 (C.A.A.F. 2017) (mem.). The CAAF granted the petition, set aside our prior decision, and remanded the case to this

court for further consideration in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017). *Id.*

On remand, we found the military judge's error was harmless beyond a reasonable doubt. *United States v. Campbell*, No. ACM 38875 (rem), 2017 CCA LEXIS 754 (A.F. Ct. Crim. App. 13 Dec. 2017). However, the CAAF granted review on the issue of whether our determination of harmlessness beyond a reasonable doubt was incorrect, and summarily reversed our decision as to the charge and specification of sexual assault, the charge and two specifications of abusive sexual contact, and the sentence. *United States v. Campbell*, ___ M.J. ___, No. 18-0122, 2018 CAAF LEXIS 209 (C.A.A.F. 18 Apr. 2018) (mem.). The CAAF set aside those charges and specifications and the sentence, affirmed the remaining findings, returned the record to The Judge Advocate General for remand to this court, and authorized us to order a rehearing on the set-aside charges and specifications and on the sentence. *Id.*

On 10 July 2018, Petitioner filed with this court a Petition for Relief in the Nature of a Writ of Mandamus, requesting that we order the Respondents "cease and desist forthwith any attempt to exercise parole supervision over him, pursuant to the now set-aside sentence in his case." In the alternative, Petitioner "demands speedy appellate processing in his case, such that this court should issue forthwith necessary orders setting aside his sentence pursuant to the C.A.A.F. order of 18 April 2018." On the same day, Petitioner filed a Motion to Attach several documents in support of his petition. These documents tend to show Petitioner was released from confinement on 8 January 2018 before the expiration of his term of confinement pursuant to a grant of parole; that the terms of his parole require him to submit to sex offender treatment and polygraph examination; and that on 2 July 2018 Petitioner's counsel submitted a complaint pursuant to Article 138, UCMJ, to Respondent Forbus contending Petitioner should not be subjected to the terms of parole supervision in light of the CAAF's action.

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 18 Feb. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). However, in order to obtain a writ of mandamus, Petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)). We find Petitioner has not demonstrated that he lacks other adequate means to obtain relief, that he has a clear and indisputable right to the requested writ, or that

such a writ is otherwise appropriate under the circumstances. *Id.*; *see United States v. Katso*, 77 M.J. 247 (C.A.A.F. 2018).

Accordingly, it is by the court on this 12th day of July, 2018,

**ORDERED:**

The Motion to Attach dated 10 July 2018 is hereby **GRANTED**. The Petition for Relief in the Nature of a Writ of Mandamus dated 10 July 2018 is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court