# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, SCHASBERGER
Appellate Military Judges

**Sergeant SHAQUILLE CRAIG**
**United States Army, Petitioner**
**v.**
**Colonel MARK A. BRIDGES, United States Army, Military Judge**
**Respondent**

**and**

**UNITED STATES**
**Real Party in Interest**

ARMY MISC 20180632

-------------------------------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS
-------------------------------------------------------------------------------------------------

MULLIGAN, Senior Judge:

Petitioner seeks extraordinary relief from a ruling of the military judge denying petitioner's motion to compel appointment of an expert consultant to the petitioner's defense team in the form of an attorney learned in the law of capital litigation. Petitioner relies on *United States v. Gonzalez*, 39 M.J. 459, 461 (C.M.A. 1994), for the test of when appointment of an expert consultant is required. In the alternative, petitioner requests this court "appoint an expert consultant as counsel for the petitioner."

To qualify for the extraordinary relief he seeks, petitioner must demonstrate, among other things, "there is no other adequate means to attain relief[.]" *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). The availability of direct appeal after trial is considered an "other adequate means" of relief. *See Dew v. United States*, 48 M.J. 639, 648 (Army Ct. Crim. App. 1998). A military judge's denial of a defense request to compel the appointment of an expert consultant is a matter properly reviewed on direct appeal. *See Gonzalez*, 39 M.J. at 459-61.

For the foregoing reasons, and based on the reasoning, logic, and dicta set forth in *United States v. Hennis*, 77 M.J. 7 (C.A.A.F. 2017), the petition is DENIED.

Petitioner's request for the appointment of appellate counsel is DENIED as moot.

CRAIG—ARMY MISC 20180632

Judge SCHASBERGER concurs.

FEBBO, Judge, concurring:

I concur with the reasoning and result of the majority's disposition of this matter. I write separately to clarify that our decision today is based on the criteria for the issuance of a writ of mandamus and the unusual nature of appellant's request for an expert consultant.

As our superior court has noted, regardless of the ripeness of issues before this court, appropriate parties "may most certainly do what is 'prudent' and 'appropriate' in the instant case." *Hennis*, 77 M.J. at 11. Nothing precludes petitioner from requesting appointment of learned counsel *as learned counsel*— rather than *as an expert consultant*—in the future. Whether such a request should be granted after 1 January 2019 in light of our superior court's analysis regarding "future capital litigants" is a question not before us today. *See id.* at 9-10.

DATE: 14 December 2018

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2