# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Evan K. GOODELL
### Chief Machinery Technician (E-7), U.S. Coast Guard

### CGCMSP 24961
### Docket No. 1458

### 03 July 2019

| | |
|---|---|
| Military Judge: | LCDR Geralyn M. van de Krol, USCG |
| Military Judge for *DuBay* hearing: | CAPT Aaron C. Rugh, JAGC, USN |
| Appellate Defense Counsel: | LCDR Benjamin M. Robinson, USCG |
| Appellate Government Counsel: | LCDR Stephen R. Miros, USCG |
| | Mr. Stephen P. McCleary, Esq. |
| | LCDR Emily A. Rose, USCG |

## ON RECONSIDERATION
## BEFORE
## McCLELLAND, BRUBAKER & KOSHULSKY
Appellate Military Judges

McCLELLAND, Chief Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant his pleas, of four specifications of failure to obey a lawful order, three specifications of false official statements, one specification of stalking, two specifications of extortion, two specifications of assault consummated by battery, and one specification of obstructing justice, in violation of Articles 92, 107, 120a, 127, 128, and 134, Uniform Code of Military Justice (UCMJ). The military judge adjudged a sentence of reduction to E-1, confinement for one year, and a bad-conduct discharge, which the Convening Authority approved. The pretrial agreement had no impact on the sentence.

This Court affirmed the findings and sentence on 10 September 2018. On 10 October 2018, Appellant requested reconsideration, after learning that the military judge was serving as a

prosecutor at the same time she presided over this case. We granted reconsideration on 30 October 2018, and ordered briefing. On 19 December 2018, after briefing by both parties, we ordered a post-trial hearing in accordance with *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).

Following the post-trial hearing, Appellant assigned the following errors:

I. Appellant was denied due process when he was tried by a military judge who failed to disclose that she concurrently served as trial counsel in another court-martial.

II. The military judge was impermissibly detailed to preside over Appellant's court-martial while she served as lead trial counsel in another court-martial.

III. Article 16's requirement that the accused know the identity of the military judge when choosing to be tried by judge alone was not satisfied when Appellant did not know his judge was actively serving as a prosecutor.

We consider the first issue and reverse. We do not reach the remaining issues. Our opinion of 10 September 2018 is withdrawn and replaced with the present opinion.

## Facts

The facts relevant to the issue are as found by the *DuBay* judge; his findings of fact are not clearly erroneous.

LCDR van de Krol was a part-time military judge when she presided over the trial of this case in 2017. Her primary duty was as the chief of the Trial Services Branch at the Alameda office of the Legal Service Command (LSC), where she had been assigned since 2015.[1] Generally, that branch provided trial counsel support for courts-martial arising out of LSC-supported commands in the western half of the United States (Pacific Area). This did not include support to Coast Guard districts, which had their own legal offices.[2]

---

[1] At that time, the LSC provided legal support to Coast Guard logistics commands throughout the United States.

[2] Later, after the period relevant to this case, LSC was directed by the Judge Advocate General to routinely support district-convened courts-martial.

In her role of branch chief, LCDR van de Krol supervised several subordinate officers who served as trial counsel, and served as trial counsel herself on two notable cases: *United States v. Rodriguez* and *United States v. Barlow*. *Rodriguez* was convened by Commander, Eighth Coast Guard District,[3] the same convening authority that convened this case. Detailed to *Rodriguez* because of conflicts affecting Eighth District attorneys, LCDR van de Krol served as trial counsel during the litigation of motions, but left the case before trial. Trial of *Rodriguez* concluded on 21 September 2016. *Barlow* arose in Pacific Area in 2015; the trial concluded in December 2017.

In 2017, slated for permanent change of station, LCDR van de Krol was selected to become a collateral duty special court-martial judge. She attended the Military Judge Course, was certified as a military judge on 5 May 2017, and was detailed to this case by the Chief Trial Judge on 11 May 2017. Trial took place on 25–26 May 2017. She departed the LSC on 1 July 2017. Meanwhile, she remained as lead trial counsel on *Barlow* until its conclusion; her supervisor sought to keep her in that role because of the complexity of the case. The Chief Trial Judge presided as the military judge in *Barlow*.

In fall 2017, LCDR van de Krol asked the Chief Trial Judge to temporarily suspend her status as a military judge during the pendency of the *Barlow* case. She did so in part because she perceived a conflict between her military judge role, in which she had unique access to the Chief Trial Judge, and her trial counsel role appearing before the Chief Trial Judge as the trial judge in *Barlow*. Her request was granted, and she was removed from the trial judges' shared online workspace as well as not being detailed as a judge to cases. This temporary suspension lasted until *Barlow* concluded.

LCDR van de Krol had no interaction as a prosecutor, or in any capacity other than as the judge in this case, with Eighth District Legal Office personnel between 5 May 2017 and 1 July 2017. During that period, the Eighth District Legal Office and the LSC were not actively coordinating on any case, including this case. Before the trial of this case, LCDR van de Krol discussed logistics with her immediate supervisor, the LSC division chief for Military Justice and

---

[3] The Eighth District is within Atlantic Area.

Command Advice, and afterward she shared with her supervisor additional details, including the general nature of the allegations. Outside of these discussions, she did not discuss this case with anyone at the LSC. Coincidentally, the deputy Staff Judge Advocate of the Eighth District attended the Military Judge Course with LCDR van de Krol, and they interacted during social events and as part of small group sessions, but they never discussed any Eighth District cases.

Trial counsel, defense counsel, and Appellant were unaware of LCDR (Judge) van de Krol's assignment as a trial counsel during the pendency of this case.

On the record in this case, prior to inviting *voir dire* and challenges, Judge van de Krol disclosed that she had served as a prosecutor in an Eighth District case a year and a half earlier (clearly *Rodriguez*), which included an interaction with a person named in a specification in this case; that she had had a brief phone conversation with the Eighth District Staff Judge Advocate in conjunction with that case; and that she was acquainted with the deputy Staff Judge Advocate and they had been to a school together (clearly the Military Judge Course). She did not disclose that her primary duty was as a prosecutor or that she was currently serving as trial counsel in a pending court-martial.

LCDR van de Krol's Officer Evaluation Report (OER) for the period 1 May 2016 to 30 June 2017 evaluated her performance as Trial Services Branch Chief. The Judge Advocate General was the reviewer of this OER, in which role he provided a brief review of her performance as a military judge, including mention of her presiding over Appellant's case.

## Discussion

Appellant asserts he was denied due process when he was tried by a military judge who failed to disclose that she concurrently served as trial counsel in another court-martial. We consider whether the military judge's failure to disclose her prosecutorial duties constituted error within an appearance-of-bias framework.

Rule for Courts-Martial (R.C.M.) 902(a), Manual for Courts-Martial, United States (2016 ed.) provides, "Except [if the parties waive], a military judge shall disqualify himself or herself

4

in any proceeding in which that military judge's impartiality might reasonably be questioned." This is a test of whether there is an appearance of bias, which calls for an objective standard: "whether a reasonable person knowing all the circumstances would conclude that the military judge's impartiality might reasonably be questioned." *United States v. Sullivan*, 74 M.J. 448, 453 (C.A.A.F. 2015) (citing *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012)). R.C.M. 902(d)(2) provides for the parties to question the military judge and present evidence regarding a possible ground for disqualification.

We first note that there was no *per se* prohibition of a prosecutor serving as a part-time judge. Appellant urges us to apply the ABA Model Code of Judicial Conduct, which allows part-time judges to practice law, but not "in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves." Model Code of Judicial Conduct: Application (2011 Ed.). The ABA Model Code does not apply to Coast Guard judges. The Coast Guard Code of Judicial Conduct, adopted consistent with R.C.M. 109(a), merely prohibits a Coast Guard judge from engaging in the *private* practice of law. Enclosure 6 to COMDTINST M5800.1 (2001). Even if the Model Code applied, given the independent and transitory character of a court-martial, it is far from clear that two separate courts-martial are part of the same court.

Nevertheless, the ABA Model Code is suggestive. It is true that a person serving as a military judge in one court-martial while also serving as counsel in a separate court-martial could occasion a reasonable observer to question that person's impartiality. A counsel at trial acts as an advocate and necessarily adopts a position that is partial to his or her client, typically either for the prosecution or defense, and intends to prevail on the merits of that position, even if that position seems to counsel unlikely to prevail. By contrast, a military judge must impartially preside over the trial, and rule when necessary solely on the basis of what the judge believes to be the law, favoring neither party. These disparate roles in the military justice system could lead to the same person taking different positions on a similar issue while serving in different roles, or perhaps maintaining the same position in the different roles. This potential incongruity of roles and positions convinces us that a reasonable observer, in the absence of other information, could conclude that a military judge's impartiality might reasonably be questioned when she

concurrently has a prosecutorial role and is acting as a prosecutor in another case within the Coast Guard military justice system.

Furthermore, LCDR van de Krol was being rated as a prosecutor during the period of the trial over which she presided. A reasonable person, knowing this, might question whether she would subconsciously avoid displeasing her reporting chain by rendering rulings or a sentence that could be perceived as defense-friendly. Such a question might be dispelled by frank *voir dire*, *see United States v. Sullivan*, 74 M.J. 448, 455 (C.A.A.F. 2015), but without disclosure and subsequent *voir dire*, it hangs in the air.

In short, while no *per se* rule required the military judge's disqualification in light of her concurrent position as trial counsel in *Barlow*, she should have, at a minimum, disclosed that position, thereby allowing counsel the opportunity to inquire into the specific circumstances and to challenge her if desired.

Several cases demonstrate the value of full disclosure by the military judge, followed by opportunity for *voir dire*, concerning matters that might potentially lead a reasonable observer to question that person's impartiality. In *United States v. Campos*, 42 M.J. 253, 262 (C.A.A.F. 1995), the court declared,

> Where the military judge makes full disclosure on the record and affirmatively disclaims any impact on him, where the defense has full opportunity to *voir dire* the military judge and to present evidence on the question, and where such record demonstrates that appellant obviously was not prejudiced by the military judge's not recusing himself, the concerns of RCM 902(a) are fully met.

In *United States v. Norfleet*, 53 M.J. 262, 270 (C.A.A.F. 2000), after quoting that declaration in *Campos*, the court stated,

> Based upon the nature of the issues at stake, the full disclosure by the military judge on the record of his background and approach to the case, and the opportunity provided to the defense to *voir dire* the military judge, we are confident that appellant received a fair trial presided over by an impartial military judge and that a reasonable observer with knowledge of all the facts would not question the military judge's impartiality.

In *United States v. Allen*, 33 M.J. 209, 213 (C.M.A. 1991), the court observed that "by informing the parties and allowing *voir dire* on the issue, Judge Reed eliminated the possibility of creating

the misperception that he might not be impartial." In *United States v. Wright*, 52 M.J. 136, 142 (C.A.A.F. 1999), the court declared itself "satisfied that the judge's impartiality could not reasonably be questioned," after concluding, "The military judge's full disclosure, sensitivity to public perceptions, and sound analysis objectively supported his decision not to recuse himself, and these factors contribute to a perception of fairness." In *United States v. Sullivan*, 74 M.J. at 454, the court noted

> the following points: the military judge fully disclosed his relationships with the participants in the court-martial; the record reveals no evidence of any actual bias on the part of the military judge, or of any other actions or rulings by the military judge that would independently raise appearance issues; and the military judge fully heard the views of both parties on this issue and then affirmatively stated on the record that he could remain impartial to both sides.

The court concluded that the military judge did not abuse his discretion in finding no basis for disqualification. *Id.* at 456.

Disclosure is no inoculation against disqualification, *see United States v. Greatting*, 66 M.J. 226 (C.A.A.F. 2008). But without full disclosure in this case, we are left with a record that cannot dispel the reasonable questions of a reasonable observer about the military judge's impartiality. We see no viable way to cure this lapse; the *DuBay* hearing we ordered did not serve as a substitute for disclosure at trial, and could not do so in the circumstances. We conclude that, when taken as a whole in the context of this trial, the military judge's failure to disclose the nature and circumstances of her prosecutorial duties put the court-martial's "legality, fairness, and impartiality . . . into doubt." *United States v. Martinez*, 70 M.J. 154, 157–58 (C.A.A.F. 2011) (quoting *United States v. Burton*, 52 M.J. 223, 226 (C.A.A.F. 2000)).

Finding that a military judge's actions put a court-martial's legality, fairness, and impartiality into doubt does not lead to automatic reversal; we instead assess prejudice by considering "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *United States v. Quintanilla*, 56 M.J. 37, 81 (C.A.A.F. 2001) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988)). We proceed to that consideration with respect to the military judge's failure to disclose in this case.

The risk of injustice to the parties includes not only the risk to the accused (if the case is affirmed) from potential partiality or bias, for example because of particular circumstances providing scope for the play of that partiality or bias; but also the risk of injustice to the Government (if the case is reversed), for example because of the resources that would be expended for a new trial. *United States v. Cerceda*, 172 F.3d 806, 812–814 (11th Cir. 1999). In this case, Appellant pleaded guilty before a judge alone pursuant to a pretrial agreement. As this reduced the military judge's range of options, the risk of injustice to either party may appear limited. But even in a guilty plea with sentence limitations, a military judge retains discretion. This cannot be minimized in view of the fundamental nature of Appellant's forum and plea elections, which are absolutely personal. The risk of injustice to Appellant thus cannot be ignored.

The risk of injustice in other cases is low, for two reasons. First, LCDR van de Krol apparently ceased to serve as a prosecutor after the *Barlow* case. Second, Article 24.D. of the Coast Guard Military Justice Manual, COMDTINST M5810.1F, issued 26 March 2018, provides that personnel "currently serving in a full-time military justice capacity, such as trial or appellate defense or government counsel, or Special Victims' Counsel . . . will not be designated as military judges while serving in those capacities." (Answer to Appellant's Motion for Reconsideration on Behalf of the United States, App. 8 at 6.) This provision had no counterpart in the immediately preceding edition of the Coast Guard Military Justice Manual, COMDTINST M5810.1E, issued 13 April 2011. (Answer to Appellant's Motion for Reconsideration on Behalf of the United States, App. 7.)

However, the risk of undermining the public's confidence in the judicial process is more significant. We think that in this case, the fact that LCDR van de Krol's role was not disclosed itself magnifies the risk factor, compared to a case in which the question of disqualification was litigated. We view the resulting risk as unacceptably high.

Taken together, we conclude that disapproval of the findings and sentence is appropriate.

**Decision**

The findings and sentence are set aside. A rehearing is authorized.

Judges BRUBAKER and KOSHULSKY concur.



For the Court,


L. I. McClelland
Chief Judge