# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, HOUTZ, and HACKEL
Appellate Military Judges

———————————

**In Re Jonathan ERVIN**
Lance Corporal (E-3), U.S. Marine Corps
*Petitioner*

———————————

**UNITED STATES**
*Respondent*

**No. 202200145**

———————————

Decided: 27 July 2022

Review of Petition for Extraordinary Relief in the Nature of a Writ of
Mandamus

Military Judge:
Nicholas S. Henry

For Petitioner:
*Lieutenant Colonel A. Louis Evans, USMC*

———————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————

PER CURIAM:

Petitioner is charged at a general court-martial with violating Articles 82 and 134, Uniform Code of Military Justice [UCMJ].[1]

On 11 July 2022, Petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and a Stay of Proceedings. He seeks a Writ of Mandamus ordering the military judge to recuse himself and that all motions filed after 24 April 2022 be reheard with all previous orders in the case vacated.

## I. BACKGROUND

Petitioner was arraigned on 30 December 2021 on charges of possessing and soliciting child pornography. On 24 February 2022, he entered into a pretrial agreement that provided for a range of confinement from 36 to 72 months and mandated a punitive discharge.

On 25 February 2022, the original trial counsel detailed to Petitioner's court-martial, Major [Maj] House,[2] filed a complaint with the Camp Lejuene Investigator General [IG] against the Senior Defense Counsel [SDC] for Camp Lejeune, alleging violations of Marine Corps Order 5354.1F, Prohibited Activities and Conduct [PAC Order]. Specifically, the trial counsel accused the SDC of bullying and harassing her. The IG forwarded the complaint to the Battalion Commander, Colonel [Col] Papa. As Col Papa is administratively responsible for the parties involved, he ordered a preliminary investigation.[3] The investigating officer [IO] found that all allegations included in the IG complaint involved "Trial Service Office Personnel and Defense Service Office personnel involved in the practice of law."[4] The IO recommended that the matter be forwarded to the Regional Defense Counsel – East, as the matter appeared to involve allegations better described as "professional misconduct."

Petitioner's detailed defense counsel subsequently filed a discovery request seeking all documents and correspondence related to the preliminary investigation. Maj House then cited this discovery request to the IG as an example of reprisal for her earlier complaint. At a hearing to address the discovery re-

---

[1] 10 U.S.C. §§ 882, 934.

[2] All names in this opinion, other than those of Petitioner, the judges, and Petitioner's counsel, are pseudonyms.

[3] Although Col Papa is a judge advocate, he is currently serving as the Commanding Officer, Headquarters and Support Battalion, Camp Lejeune, a non-legal billet.

[4] Pet. Attach. C, at 9.

quest, the defense counsel challenged the military judge for implied bias, arguing Col Papa's willingness to accept and investigate complaints against members of the court created an appearance that the military judge had a conflict of interest. The military judge denied the challenge, but ordered Maj House removed from the case.

Several weeks later, the military judge denied a second defense challenge for implied bias, this time based on both the previously cited investigation and the now-removed trial counsel's claim of reprisal and a vague statement by her regarding continuing her investigation.

The military judge, in an otherwise unrelated court-martial, ordered Maj House to testify regarding her intent to file a reprisal complaint based on a similar discovery request in that case. On the witness stand, prior to questioning, Maj House made a statement noting that she was a black female and the judge was a white male. She did not elaborate as to what this meant—she simply stated it as fact. Major House then invoked her right to remain silent under Article 31(b), UCMJ. After excusing Maj House, the military judge commented that the only time race or gender was a consideration for him was when the issue was properly before him, such as in ruling on challenges to members during the selection process.

These statements by Maj House and the military judge formed the basis for a third defense challenge for implied bias on 29 June 2022. The military judge denied this challenge, as well.

## II. DISCUSSION

"As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue."[5] First, there is no other adequate means to attain the relief desired; second, the right to issuance of the writ is clear and indisputable; and third, the issuing court, in its discretion, must be satisfied that the issuance of the writ is appropriate under the circumstances.[6]

Petitioner contends that the military judge violated his duty to disqualify and recuse himself as his "impartiality might reasonably be questioned."[7] A

---

[5] *Cheney v. United States Dist. Court,* 542 U.S. 367, 380 (2004) (internal citations and quotation omitted).

[6] *Id.* at 380–81 (internal citations omitted).

[7] Rule for Courts-Martial 902(a).

military judge's decision whether to recuse himself is reviewed for an abuse of discretion.[8]

Applying the three-part test enumerated above, we find Petitioner has not demonstrated an entitlement to the extraordinary remedy requested. The military judge did not abuse his discretion by denying the repeated calls for him to recuse himself. (Making three unfounded motions for recusal does not change the fact they are unfounded.) We find nothing improper about Col Papa ordering a preliminary investigation into the initial allegations of a PAC Order violation. While Judge Advocate General of the Navy Instruction 5803.1E states that "questions of legal ethics and professional misconduct by covered attorneys are within the exclusive province of the [Navy's Judge Advocate General]," it was perfectly reasonable for Col Papa to order a preliminary investigation to determine the facts of the matters alleged and whether the alleged PAC Order violation even involved a question of "legal ethics [or] professional misconduct."[9] We also find that neither Col Papa's actions nor Maj House's statements "would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned."[10] Vague, unexplained statements by a trial counsel no longer assigned to Petitioner's court-martial, while perhaps puzzling, do not create an appearance of bias with regard to the military judge. That the military judge felt compelled to respond briefly to Maj House's statement is neither puzzling nor evidence of a potential conflict that gives rise to the specter of bias. Accordingly, we find Petitioner has not shown his claimed right to a writ is clear and undisputable. Furthermore, we are not convinced that issuance of the requested writ is proper.

### III. Conclusion

Upon consideration of the Petition, the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Stay of Proceedings is **DENIED.**

---

[8] *United States v. Sullivan*, 74 M.J. 448, 453 (C.A.A.F. 2015).

[9] Para 2a, Enclosure 2, JAGINST 5803.1E, Professional Conduct of Attorneys Practicing Under the Cognizance and Supervision of the Judge Advocate General, 20 Jan 2015.

[10] *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012).



FOR THE COURT:

S. TAYLOR JOHNSTON
Interim Clerk of Court