*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

## UNITED STATES
Appellee

**v.**

## Allan L. ARMSTRONG, Master Sergeant
United States Army, Appellant

**No. 24-0002**
Crim. App. No. 20210644

Argued April 16, 2024—Decided July 26, 2024

Military Judge: Jacqueline L. Emanuel

For Appellant: *Captain Rachel M. Rose* (argued); *Colonel Philip M. Staten, Lieutenant Colonel Autumn R. Porter, Major Robert W. Rodriguez,* and *Jonathan F. Potter,* Esq. (on brief).

For Appellee: *Captain Alex J. Berkun* (argued); *Colonel Christopher B. Burgess, Colonel Jacqueline J. DeGaine,* and *Lieutenant Colonel Kalin P. Schlueter* (on brief); *Major Chase C. Cleveland.*

Judge JOHNSON delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge MAGGS, and Judge HARDY joined.

———————

Judge JOHNSON delivered the opinion of the Court.

## I. Background

During Appellant's general court-martial, consisting of a panel with enlisted representation, defense counsel motioned for the military judge to recuse herself on the basis of actual and apparent bias. The military judge denied defense counsel's motion. Appellant was convicted of sexual assault under Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2018), and sentenced to seven years of confinement, a reprimand, reduction to the grade of E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The United States Army Court of Criminal Appeals summarily affirmed the findings and sentence. *United States v. Armstrong*, No. ARMY 20210644, 2023 CCA LEXIS 340, at *1 (A. Ct. Crim. App. Aug. 2, 2023) (per curiam). Upon examination of the petition for grant of review, which described some of the exchanges between the military judge and defense counsel during the trial, we granted review of the following issue:

> Whether the military judge's departure from impartiality deprived Appellant of his right to a fair trial.

*United States v. Armstrong*, 84 M.J. 145, 145 (C.A.A.F. 2023) (order granting review). At oral argument, Appellant asserted that he was only challenging the military judge's impartiality based on the appearance of bias, not actual bias. We conclude that the military judge's impartiality could not reasonably be questioned and that Appellant was not deprived of his right to a fair trial. Thus, we answer the granted issue in the negative.

## II. Law

A military judge should be disqualified if there is an appearance of bias. *United States v. Uribe*, 80 M.J. 442, 446 (C.A.A.F. 2021). "In the military context, the appearance of bias principle is derived from [Rules for Courts-Martial (R.C.M.)] 902(a)." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012). R.C.M. 902(a) (2019 ed.), provides that "a military judge shall disqualify himself or herself in any

proceeding in which that military judge's impartiality might reasonably be questioned." This Court uses "an objective standard for identifying an appearance of bias by asking whether a reasonable person knowing all the circumstances would conclude that the military judge's impartiality might reasonably be questioned." *United States v. Sullivan*, 74 M.J. 448, 453 (C.A.A.F. 2015); *see also Uribe*, 80 M.J. at 446.

For an appearance of bias claim, this Court reviews a military judge's decision to not recuse under an abuse of discretion standard, considering the facts and circumstances using an objective standard. *United States v. Butcher*, 56 M.J. 87, 91 (C.A.A.F. 2001). " 'A military judge's ruling constitutes an abuse of discretion if it is arbitrary, fanciful, clearly unreasonable or clearly erroneous, not if this Court merely would reach a different conclusion.' " *Uribe*, 80 M.J. at 446 (internal quotation marks omitted) (quoting *Sullivan*, 74 M.J. at 453). "There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings." *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001). A military judge " 'must avoid undue interference with the parties' presentations or the appearance of partiality.' " *Id.* at 43 (quoting R.C.M. 801(a)(3) Discussion). Additionally, as explained by the Supreme Court:

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . [T]hey *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

If a military judge erroneously decided to not recuse because of an appearance of bias, this Court analyzes three factors established in the Supreme Court's decision in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847

(1988), to determine whether reversal is warranted. *Uribe*, 80 M.J. at 449; *United States v. Martinez*, 70 M.J. 154, 159 (C.A.A.F. 2011). Those factors are "[1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864.

### III. Discussion

To determine whether the military judge abused her discretion when she denied defense counsel's motion for her recusal, we must decide "whether a reasonable person knowing all the circumstances would conclude that the military judge's impartiality might reasonably be questioned." *Sullivan*, 74 M.J. at 453. If so, we must then determine whether reversal is warranted for such an abuse of discretion.

We hold that the military judge did not abuse her discretion when she denied Appellant's motion to recuse herself because "a reasonable person knowing all the circumstances would [not] conclude that the military judge's impartiality might be reasonably questioned." *Id.* In our examination of the written record and audio recording of the court-martial proceedings, we noted the following: first, many of the interactions between the military judge and defense counsel that are at issue occurred outside the presence of the panel; second, the interactions were "actions taken in conjunction with judicial proceedings," *Quintanilla*, 56 M.J. at 44; and third, the military judge used a measured tone during the exchanges with defense counsel at issue in this case.[1] Considering the interactions in the context of the courtroom dynamics as a whole, although there were tense moments between the military judge and defense counsel, the military judge " 'avoid[ed] undue interference with the parties' presentations [and] the appearance of partiality.' " *Id.* at 43 (quoting R.C.M. 801(a)(3)

---

[1] We also note that at times the civilian defense counsel was discourteous to the military judge and that the military judge acknowledged that she needed to work on her patience.

Discussion). Additionally, even if the military judge made a poor choice of words at times, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. In this case, the military judge's remarks do not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Therefore, we hold in this case that "a reasonable person knowing all the circumstances would [not] conclude that the military judge's impartiality might reasonably be questioned." *Sullivan*, 74 M.J. at 453. Thus, Appellant was not deprived of his right to a fair trial. Accordingly, because the military judge did not abuse her discretion in denying defense counsel's recusal motion, we need not analyze whether her decision warrants reversal.

## IV. Conclusion

The decision of the United States Army Court of Criminal Appeals is affirmed.