# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2023-03 (rem)**

————————————

**In re HVZ**
*Petitioner*

**Michael K. FEWELL**
Technical Sergeant (E-6), U.S. Air Force
*Real Party in Interest*

————————————

On Remand from

The United States Court of Appeals for the Armed Forces

Decided 6 September 2024

————————————

*Military Judge*: Matthew P. Stoffel.

*GCM convened at*: Luke Air Force Base, Arizona.

*For Petitioner*: Major Marilyn S.P. McCall, USAF; Devon A.R. Wells, Esquire.

*For Real Party in Interest*: Major David L. Bosner, USAF; Major Rebecca J. Saathoff, USAF; Captain Samantha A. Castanien, USAF.

*For the United States*: Colonel Naomi P. Dennis, USAF; Major Morgan R. Christie, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, RICHARDSON, and KEARLEY, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge KEARLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

JOHNSON, Chief Judge:

This petition is before us on remand from the United States Court of Appeals for the Armed Forces (CAAF) for further consideration in light of the CAAF's opinion in *H.V.Z. v. United States*, ___ M.J. ___, No. 23-0250, 2024 CAAF LEXIS 410 (C.A.A.F. 18 Jul. 2024). For the reasons stated below, we grant the petition.

## I. BACKGROUND

The petition, responsive briefs, and reply brief, with their several attachments, establish the following sequence of events.

On 10 January 2023, the convening authority referred for trial three charges and six specifications against the Real Party in Interest (RPI): two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920;[1] two specifications of domestic violence in violation of Article 128b, UCMJ, 10 U.S.C. § 928b; and two specifications of wrongful use of controlled substances in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. Petitioner is the alleged victim of the charged Article 120, UCMJ, and Article 128b, UCMJ, offenses.

On 28 April 2023, the Defense moved the trial court to "immediately secure and produce" Petitioner's "medical records and non-privileged materials within mental health records, specifically unprotected health information as described under *United States v. Mellette*[, 82 M.J. 374 (C.A.A.F. 2022)]," in the possession of the Government.

On 2 May 2023, through her victims' counsel, Petitioner opposed the defense motion with the exception of certain medical records. Petitioner argued, "[o]utside of this item, Defense has not only failed to show that a treatment or diagnosis exists, but that if they did, such records do not consist solely of privileged information [under Mil. R. Evid. 513]. Nor has Defense shown they would be entitled to such records under [Rule for Courts-Martial (R.C.M.)] 703(e) . . . ." In the alternative, if the military judge granted the defense motion, Petitioner requested the military judge perform in camera review of her records and release only those he determined to be relevant and necessary to the preparation of the defense.

On 4 May 2023, the Government opposed the defense motion in part. The Government did not oppose the motion with respect to non-privileged Family

---

[1] References in this opinion to the UCMJ, Rules for Courts-Martial, and Military Rules of Evidence (Mil. R. Evid.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

Advocacy records and medical records dated on and after 19 January 2020—the date of the earliest alleged offense of which Petitioner is the alleged victim—but opposed the disclosure of records from prior to 19 January 2020.

On 11 May 2023, the military judge granted the defense motion in part. The military judge noted the responses to the defense motion from the Government and from Petitioner, but stated he had not considered the latter due to Petitioner's "lack of standing before this trial court," citing *In re HK*, Misc. Dkt. No. 2021-07, 2021 CCA LEXIS 535 (A.F. Ct. Crim. App. 2021) (order). The military judge further found, *inter alia*:

> the [D]efense is entitled to discovery of [Petitioner's] medical records and non-privileged mental health records relevant to the charged offenses that are maintained by the medical treatment facility located at Luke Air Force Base [AFB]. . . . The court also concludes that the content of the records from the date of the first charged offenses, that is 19 January 2020 through present day is relevant to defense preparation; in fact, the parties are in agreement on this matter. . . .

The military judge similarly found the Defense was entitled to discovery of records maintained at the Family Advocacy office on Luke AFB. Pursuant to R.C.M. 701(g)(1), the military judge ordered trial counsel to "identify what medical records, nonprivileged mental health records, and nonprivileged Family Advocacy records of [Petitioner] are within the possession, custody, or control of military authorities, located at Luke [AFB], including those generated before, during, and after the charged timeframes." The military judge further ordered trial counsel to provide the Defense such records as were subject to disclosure and "relevant to the [D]efense's preparation." Trial counsel were further ordered to inform the Defense and military judge of records that were privileged or not subject to disclosure and the basis for nondisclosure.

In furtherance of his ruling, on 11 May 2023 the military judge issued a separate order to the 56th Medical Group (56 MDG) located at Luke AFB to "provide any medical, mental health, [or F]amily [A]dvocacy records [pertaining to Petitioner] maintained at the [56 MDG] or any subordinate clinic." The military judge directed the 56 MDG to work with a medical law attorney to "ensure any and all matters subject to privilege under Military Rule of Evidence 513 are redacted prior to providing the information" to trial counsel "as soon as practicable and no later than 1700 local on 24 May 2023." The military judge further ordered that only the Prosecution and Defense (to include appointed expert consultants), as well as Petitioner and her victims' counsel, were to have access to the disclosed records.

On 16 May 2023, pursuant to Article 6b, UCMJ, 10 U.S.C. § 806b, and Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, JT. CT. CRIM. APP. R. 19, Petitioner requested this court stay the proceedings and issue a writ of mandamus "vacat[ing] the trial court's decision to order disclosure of extensive medical records" of Petitioner.

On 19 May 2023 this court stayed the proceedings of the court-martial and further implementation of the military judge's 11 May 2023 order.

On 14 July 2023, after receiving responsive briefs from the RPI and Government, as well as Petitioner's reply brief, this court issued an opinion denying the petition and lifting the stay of proceedings. *In re HVZ*, Misc. Dkt. No. 2023-03, 2023 CCA LEXIS 292, at *21 (A.F. Ct. Crim. App. 14 Jul. 2023) (unpub. op.), *aff'd in part and rev'd in part*, *H.V.Z.*, 2024 CAAF LEXIS 410, at *24. Applying the usual standards for mandamus relief, this court found Petitioner failed to demonstrate the military judge clearly and indisputably erred when he concluded Petitioner did not have the right to be heard by the trial court on the Defense's motion. *Id.* at *12. This court further found Petitioner failed to demonstrate the military judge clearly and indisputably erred when he found the records in question were within the possession, custody, or control of military authorities and discoverable by the Defense pursuant to R.C.M. 701(a)(2)(A)(i). *Id.* at *13.[2]

On 13 September 2023, The Judge Advocate General certified four issues to the CAAF for interlocutory review pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2):

> I. Did the military judge err when he determined that [Petitioner's] [Department of Defense (DoD)] health record was in the possession, custody, or control of military authorities pursuant to R.C.M. 701(a)(2)(A) and R.C.M. 701(a)(2)(B)?

---

[2] With regard to the applicability of Mil. R. Evid. 513, this court noted:

> Petitioner's "Statement of the Issue" does not assert any infringement of her substantive or procedural protections under Mil. R. Evid. 513. Accordingly, we have not reviewed whether the procedure specified by the military judge's order . . . appropriately safeguards Petitioner's privilege to prevent disclosure of confidential communications protected by Mil. R. Evid. 513, and our ruling is without prejudice to Petitioner's future ability to seek review pursuant to Article 6b(e)(4)(D), UCMJ.

*Id.* at *20–21.

II. Did the military judge err when he did not consider [Petitioner's] written objection to production of her DoD health record as he found she did not have standing nor a right to be heard?

III. Whether [Petitioner] must show the military judge clearly and indisputably erred for writ to issue under Article 6b(e), UCMJ, or shall ordinary standards of appellate review apply?

IV. Whether [the CAAF] should issue a writ of mandamus?

*H.V.Z.*, 2024 CAAF LEXIS 410, at *2–3 (citation omitted). With respect to issue III, the CAAF found this court "correctly held [Petitioner] was required to establish a clear and indisputable right to a writ of mandamus." *Id*. at *10. With regard to issue I, the CAAF held "the military judge did not clearly and indisputably err in finding that the 56 MDG was a military authority" for purposes of R.C.M. 701(a)(2)(A). *Id*. at *15. However, with respect to issue II, the CAAF found the military judge did commit "clear and indisputable error" when he found Petitioner lacked standing to oppose the Defense's motion because "[Mil. R. Evid.] 513(e)(2) granted [Petitioner] the right to be heard in response to the [Defense]'s motion to compel the seizure and production of her nonprivileged mental health records." *Id*. at *23. Finally, with respect to issue IV, the CAAF explained the Court of Criminal Appeals (CCA) "is better suited" to decide whether the writ of mandamus should be issued "[b]ecause Article 6b, UCMJ, expressly grants the authority to issue the writ to the CCAs." *Id*. at *23–24. Accordingly, the CAAF affirmed this court's decision "on the first and third certified issues, reverse[d our] decision on the second certified issue, and remand[ed] the case for further consideration in light of [its] opinion." *Id*. at *24.

The case was re-docketed with this court on 9 August 2024. On the same day, the RPI submitted a "Motion for Issuance of Writ on Petitioner's Standing." The RPI contended that because the CAAF had found the military judge clearly and indisputably erred with respect to Petitioner's opportunity to be heard on the Defense's discovery motion, the RPI "does not contest issuance of the writ by this [c]ourt requiring that the military judge afford Petitioner the opportunity to be heard at [the RPI's] court-martial on the narrow issue of production of her mental health records." Based on the CAAF's opinion, the Government consents with the RPI's motion "on the narrow issue of Petitioner's standing at trial." Petitioner did not oppose or otherwise respond to the RPI's motion.

## II. DISCUSSION

### A. Law

The All Writs Act, 28 U.S.C. § 1651(a), grants a CCA "authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction."

*Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citation omitted). The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (citations omitted). In order to prevail on a petition for a writ of mandamus, the petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)); *see also H.V.Z.*, 2024 CAAF LEXIS 410, at *10 (holding the "clear and indisputable" standard applies to petitions pursuant to Article 6b(e), UCMJ).

"If the victim of an offense under [the UCMJ] believes that . . . a court-martial ruling violates the rights of the victim afforded by a section (article) or rule specified in paragraph (4), the victim may petition the [CCA] for a writ of mandamus . . . ." Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1). Article 6b(e)(4), UCMJ, provides that this right to petition the CCA for a writ of mandamus applies with respect to protections afforded by, *inter alia*, Article 6b, UCMJ, and Mil. R. Evid. 513.

Mil. R. Evid. 513(a) provides that, in general:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the [UCMJ], if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.[3]

"In any case in which the production or admission of records or communications of a patient other than the accused is a matter in dispute, a party may seek an interlocutory ruling by the military judge." Mil. R. Evid. 513(e)(1). The party must file a timely motion which must be served on the military judge and the opposing party and, "if practical, notify the patient or the patient's guardian, conservator, or representative that the motion has been filed and that the patient has an opportunity to be heard as set forth in subdivision (e)(2)." Mil. R. Evid. 513(e)(1)(A), (B). Mil. R. Evid. 513(e)(2) provides, *inter*

---

[3] In *Mellette*, the CAAF held "[t]he phrase 'communication made between the patient and a psychotherapist' [in Mil. R. Evid. 513(a)] does not naturally include other evidence, such as routine medical records, that do not memorialize actual communications between the patient and the psychotherapist," and "that diagnoses and treatments contained within medical records [including mental health records] are not themselves uniformly privileged under [Mil. R. Evid.] 513." 82 M.J. at 375, 378.

*alia*, "Before ordering the production or admission of evidence of a patient's records or communication, the military judge must conduct a hearing, which shall be closed. . . . The patient must be afforded a reasonable opportunity to attend the hearing and be heard."

In *H.V.Z.*, the CAAF held "the procedural protections in M.R.E. 513(e)(1) and M.R.E. 513(e)(2) apply in 'any case' in which the production or admission of 'records or communications' of a patient other than the accused is a matter in dispute." 2024 CAAF LEXIS 410, at *21 (quoting Mil. R. Evid. 513(e)(1)).[4]

**B. Analysis**

The CAAF did not decide the ultimate question of whether a writ of mandamus should issue, but remanded Petitioner's case to this court "for further consideration in light of [the CAAF's] opinion." *Id.* at *24. Accordingly, we apply the test for mandamus relief in light of *H.V.Z. See Hasan*, 71 M.J. at 418.

First, we find Petitioner has no adequate alternative means to obtain relief, as Congress has specifically authorized Petitioner to seek mandamus relief from this court for a military judge's ruling affecting protections afforded her by Mil. R. Evid. 513. Second, the CAAF has found the military judge clearly and indisputably erred to Petitioner's prejudice by denying her the right to be heard on the Defense's motion for discovery. Finally, and particularly in light of the fact the RPI and Government agree this court should issue the writ with regard to the "narrow issue" of Petitioner's opportunity to be heard, we find issuance of the writ is appropriate under the circumstances.

## III. CONCLUSION

The RPI's Motion for Leave to File Motion for Issuance of Writ and Motion for Issuance of Writ on Petitioner's Standing are **GRANTED**.

Petitioner's petition for extraordinary relief in the form of a writ of mandamus is **GRANTED**. The military judge's ruling dated 11 May 2023 granting the Defense's 28 April 2023 Motion to Compel Discovery of Evidence is **VACATED**. The military judge's order dated 11 May 2023 to the 56th Medical Group to provide medical, mental health, and family advocacy records is **VACATED**.

---

[4] The CAAF's opinion in *H.V.Z.* did not address Mil. R. Evid. 513(b)(5), which defines "[e]vidence of a patient's records or communications" for purposes of the rule as "testimony of a psychotherapist, or assistant to the same, or patient records that pertain to communications by a patient to a psychotherapist, or assistant to the same, for the purposes of diagnosis or treatment of the patent's mental or emotional condition."

The stay of proceedings issued by this court on 19 May 2023 was previously removed. Court-martial proceedings may resume consistent with this opinion and with the CAAF's opinion, to include affording Petitioner "the right to be heard in response to the [Defense]'s motion to compel the seizure and production of her nonprivileged mental health records." *H.V.Z.*, 2024 CAAF LEXIS 410, at *23.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court