# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Kahlil J. JONES | ) | Misc Dkt No. 2019–06 |
| Airman (E-2) | ) | |
| U.S. Air Force | ) | |
|     *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 3 October 2019, Petitioner filed with this court a Petition for Relief in the Nature of a Writ of Mandamus, seeking to have this court require the Government "to return [his] previously appointed military appellate defense counsel, Lieutenant Colonel (Lt Col) Anthony D. Ortiz, to active duty to restore the severed attorney-client relationship with Petitioner." On 7 October 2019, this court ordered the Government to show cause no later than 18 October 2019 as to why the court should not grant Petitioner's requested relief. On 18 October 2019, the Government responded to the show cause order and requested this court deny the petition. In support of its response of 18 October 2019 the Government also moved to attach two documents: a declaration and a petition for extraordinary relief from a different petitioner involving Lt Col Ortiz's departure from active duty. Petitioner did not oppose the government motion to attach, which this court granted on 29 October 2019.

## I. BACKGROUND

Petitioner was tried by a general court-martial over the course of multiple sessions between 17 January 2018 and 5 May 2018. Contrary to Petitioner's pleas, the court-martial found him guilty of one charge and one specification of willfully disobeying a superior commissioned officer in violation of Article 90, Uniform Code of Military Justice (UCMJ), and one charge and two specifications of sexual assault in violation of Article 120, UCMJ, 10 U.S.C. §§ 890, 920. The court-martial sentenced Petitioner to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the adjudged forfeitures, approved the remainder of the adjudged sentence, credited Petitioner with 50 days of illegal pretrial confinement credit, and waived mandatory forfeitures for a period of six months for the benefit of Petitioner's dependent.

Petitioner's case was docketed with this court on 20 September 2018. On 5 October 2018, Petitioner's civilian appellate defense counsel, Mr. DS and Ms.

TM, filed their notices of appearance. Between 8 November 2018 and 6 September 2019, Lt Col Ortiz filed on behalf of Petitioner ten motions for extension of time for Petitioner to file his assignments of error, all of which were granted over the Government's opposition. Petitioner's civilian counsel did not sign these motions, although Ms. TM participated by telephone in two status conferences which Lt Col Ortiz attended in person. As of 5 September 2019, Lt Col Ortiz stated that Petitioner's case was his "second-highest priority," and that he had completed his review of the record of trial.

On 2 October 2019, Petitioner's current military appellate defense counsel, Major (Maj) BD, filed an Eleventh Motion for Enlargement of Time on Petitioner's behalf. Maj BD advised that this case was Ms. TM's "highest priority Air Force case," that she had identified "approximately 13 issues to brief," and that although "[m]ore time [wa]s needed to complete review of the sealed materials and to complete the draft of [Petitioner's] brief[,] [Ms. TM] does not anticipate requesting additional extensions of time." On 3 October 2019, this court once again granted Petitioner's motion over the Government's opposition. Petitioner's assignments of error are currently due to be filed with the court on 14 November 2019.

The Government has submitted a declaration from Colonel (Col) PM, the Total Force Advisor to The Judge Advocate General (TJAG), which provides additional information regarding the status of Lt Col Ortiz. Lt Col Ortiz is assigned as an individual mobilization augmentee to Air Force Reserve Command. However, on 20 August 2018 Lt Col Ortiz began a period of continuous active duty on Military Personnel Appropriation (MPA) orders as an appellate defense counsel at the Air Force Legal Operations Agency (AFLOA) Appellate Defense Division (JAJA). The initial request for Lt Col Ortiz's MPA tour and first and second requests for extensions through 14 June 2019 assert his assistance was required due to low manning in JAJA and the deployment of the division's deputy, among other factors.

On 28 May 2019, JAJA requested an additional 108 days of support until 30 September 2019. This third request for an extension cited Lt Col Ortiz's assignment to a "capital-referred murder case," and did not specifically refer to Petitioner's case. The request was approved and funded.

According to Col PM, the final MPA day allocation for The Judge Advocate General's Corps (JAG Corps) for Fiscal Year (FY) 2020 was 45 percent lower than in FY 2019. As a result of TJAG's prioritization of MPA support within the JAG Corps, a total of 967 MPA days were available during the first quarter of FY 2020 to support requests from AFLOA and legal offices within the various major commands. Combined, these offices requested over 4,000 MPA days during the first quarter of FY 2020.

Col PM's office received JAJA's request for a 92-day extension of Lt Col Ortiz's MPA tour on 13 September 2019. The request again cited Lt Col Ortiz's assignment to the "capital referred murder-case" as the primary reason for the request. However, 22 other requests for MPA support from within AFLOA alone were prioritized ahead of JAJA's request for Lt Col Ortiz, three of which were partially funded. The requested extension of Lt Col Ortiz's MPA tour was not approved or funded. Accordingly, Lt Col Ortiz's active duty MPA tour ended on 30 September 2019.

## II. LAW AND ANALYSIS

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). However, in order to obtain a writ of mandamus, Petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983)).

"After an attorney-client relationship has been formed between the accused and detailed defense counsel or associate or assistant defense counsel, an authority competent to detail such counsel may excuse or change such counsel . . . [f]or [ ] good cause shown on the record." R.C.M. 505(d)(2)(B)(iii). "[S]eparation from active duty normally terminates representation, [although] highly contextual circumstances may warrant an exception from this general guidance in a particular case." *United States v. Hutchins*, 69 M.J. 282, 290–91 (C.A.A.F. 2011). "The accused has no right to select appellate defense counsel," although he may be represented on appeal by civilian counsel provided at no expense to the Government. R.C.M. 1202(b)(2)(C), Discussion.

Under the circumstances of this case, we find Petitioner has not met his burden to demonstrate he is entitled to the "drastic" remedy of a writ of mandamus directing the allocation of MPA days to continue Lt Col Ortiz on active duty. We recognize that "[d]efense counsel are not fungible items." *United States v. Baca*, 27 M.J. 110, 119 (C.M.A. 1988). However, we have considered, *inter alia*, that Petitioner is represented by two highly experienced civilian counsel, one of whom (Ms. TM) is evidently lead counsel for his appeal; that Petitioner is now additionally represented by a replacement military appellate defense counsel, Maj BD; that the Defense evidently expects to file Petitioner's

assignments of error by 14 November 2019 without requiring additional enlargements of time; that the right of an accused or an appellant to the continued services of a particular detailed military defense counsel is not absolute; and that authorities other than this court are best situated to decide the allocation of resources such as the limited pool of MPA authorizations for reserve personnel. We find Petitioner has failed to demonstrate either a "clear and indisputable right" to Lt Col Ortiz's return to active duty on MPA orders, or that such an intervention in the allocation of MPA days by this court is appropriate under the circumstances. *See Hasan*, 71 M.J. at 418 (citation omitted).

Accordingly, it is by the court on this 30th day of October, 2019,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Mandamus dated 3 October 2019 is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court