# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2023-06**

————————————

**In re KS et al.**
*Petitioners*

**Jason A. SMITH**
Master Sergeant (E-7), U.S. Air Force
*Real Party in Interest*

————————————

Petition for Extraordinary Relief in the Nature of a Writ of Mandamus

Decided 26 September 2023

————————————

*Military Judge*: Matthew P. Stoffel.

*GCM convened at*: Vandenberg Space Force Base, California.

*For Petitioners*: Captain Ahmed Mohamed, USAF; Captain Stephen S. Shilling, USAF; Captain Austin D. Todd, USAF; Devon A. R. Wells, Esquire.

Before RICHARDSON, CADOTTE, and ANNEXSTAD, *Appellate Military Judges.*

Senior Judge RICHARDSON delivered the opinion of the court, in which Senior Judge CADOTTE and Senior Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RICHARDSON, Senior Judge:

Petitioners are three named victims in the general court-martial of Master Sergeant Jason A. Smith (Accused) at Vandenberg Space Force Base, California. The charges include, *inter alia*, violations of Article 128 and 128b, UCMJ,

10 U.S.C. §§ 928, 928b.[1] Petitioner KS requests we issue a writ requiring the military judge to apply certain provisions of R.C.M. 703 and Mil. R. Evid. 513.[2] We deny the petition.

## I. BACKGROUND

Leading up to the court-martial, the Government filed a "Government Motion to Order Production and Protection of Victim Medical Records" on 10 July 2023, and the next day filed a supplement to that motion specifically addressing Rule for Courts-Martial (R.C.M.) 701. In its motion, the Government explained that "[b]ased on a conversation with [Accused's] Defense Counsel on 15 June 2023, the Government agreed to produce relevant victim medical records to the charges, along with non-communication-based mental health records." Further, it stated, "[a]lthough there is no indication that the [v]ictims in this case ever sought medical attention based on the charges against the Accused, there is some low level of relevance to this case in determining by the actual medical records themselves that this is true." They continued:

> The Government's intent would be to provide (1) the non-communication mental health records, and (2) medical records relating to physical injuries potentially consistent with the allegations in this case for the named victims during the individual charged timeframes, along with any other potentially relevant records, such as indications to medical provide[r]s as to whether they feel safe at home or not.

In its response to the Government's motion, trial defense counsel asserted that "because the Defense has requested *non-communication* mental health records, both the Prosecution and Defense recognize these records fall outside of [Mil. R. Evid.] 513 pursuant to the holding by the [United States] Court of Appeals for the Armed Forces in [*United States v.*] *Mellette*, 82 M.J. 374 [(C.A.A.F. 2022)]."

The military judge ruled on the government motion on 20 July 2023. In it, he ordered trial counsel to identify "non-privileged mental health records [that] are within the possession, custody, or control of military authorities, located at Vandenberg Space Force Base, . . . ." He also ordered trial counsel to "discover"

---

[1] All references to the punitive articles, Military Rules of Evidence, and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The original petition was filed on behalf of multiple victims; however, the significant arguments in support of issuance of a writ are in the supplemental brief, filed on behalf of Petitioner KS only.

any medical or mental health record that is subject to disclosure and "is relevant to the [D]efense's preparation."

Also on 20 July 2023, the military judge ordered the "30th Medical Group (Vandenberg Space Force Base, California) . . . to provide to the detailed trial counsel any medical and non-privileged mental health records maintained at the 30th Medical Group, or any subordinate clinic." Further, he ordered that "[t]he appropriate medical professional will ensure any and all matters subject to privilege under [Mil. R. Evid.] 513 are redacted prior to providing the information to the [counsel]. **None of the responsive records should include confidential communications between [named victims] and any mental health provider.**"

On 24 July 2023, Petitioners filed a two-part petition: relief in the form of a writ of mandamus, and a motion to stay the court-martial. Specifically, Petitioners asked for relief to "halt unauthorized and unreasonable disclosure of private medical records and potentially privileged records under [Mil. R. Evid.] 513." Petitioners also requested seven days to supplement their petition.

This court docketed the petition on 25 July 2023. On the same day, this court denied the requested stay but granted Petitioners' request to supplement their petition.

On 27 July 2023, Accused's trial defense counsel filed a motion with the trial court to compel production of, and admit, mental health records pursuant to Mil. R. Evid. 513. In an email dated 30 July 2023, the military judge denied the Defense's motion.[3]

Petitioner KS filed a supplemental brief with this court on 31 July 2023, which brief stated the other two victims "do not join in the submission." In the supplemental brief, Petitioner KS did not state whether the court-martial proceeded as scheduled, or whether the military judge's order was carried out. Nevertheless, Petitioner KS asserted we can issue "a writ requiring the Military Judge to modify the ruling to comply with Article 6b, [UCMJ, 10 U.S.C. § 806b,] to follow [Mil. R. Evid.] 513, and to carry out his duty as a member of the Armed Forces to accord KS her rights."

Neither the Government nor the real party in interest filed a response to the petition.

---

[3] We cannot conclude with certainty whether the military judge denied the motion in total, or just in part. Petitioner did not provide the court with the attachments to the defense motion to compel, and the motion itself lacks specificity. Moreover, we do not know whether the military judge held a hearing on the motion. We determined it was unnecessary for this opinion for us to order production of these documents.

## II. LAW

"This court has jurisdiction over a petition under Article 6b, UCMJ, which establishes a victim's ability to petition this court for a writ of mandamus when the victim 'believes . . . a court-martial ruling violates the rights of the victim afforded' by that article." *In re KK*, ___ M.J. ___, Misc. Dkt. No. 2022-13, 2023 CCA LEXIS 31, at \*6 (A.F. Ct. Crim. App. 24 Jan. 2023) (omission in original) (quoting Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1)). "If granted, such a writ would require compliance with Article 6b, UCMJ." *Id*.

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (quoting *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)) (additional citation omitted).

In order to prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney*, 542 U.S. at 380–81); *see also In re KK*, 2023 CCA LEXIS 31, at \*9–10 (rejecting abuse of discretion as the standard to determine mandamus relief and endorsing the traditional mandamus standard in *Hasan*).

"A military judge's decision warranting reversal via a writ of mandamus 'must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur.'" *In re KK*, 2023 CCA LEXIS 31, at \*6 (omission in original) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

"Victims involved in court-martial proceedings do not have the authority to challenge every ruling by a military judge with which they disagree; but they may assert their rights enumerated in Article 6b, UCMJ, in the *Manual for Courts-Martial*, and under other applicable laws." *Id.* at \*13. Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1), states:

> If the victim of an offense under this chapter believes that . . . a court-martial ruling violates the rights of the victim afforded by a section (article) or rule specified in paragraph (4), the victim may petition the Court of Criminal Appeals [(CCA)] for a writ of mandamus to require the . . . court-martial to comply with the section (article) or rule.

Article 6b(e)(4), UCMJ, provides that this right to petition the CCA for a writ of mandamus applies with respect to protections afforded by, *inter alia*, Article 6b, UCMJ, and Mil. R. Evid. 513. Article 6b(a)(8), UCMJ, provides that the victim of an offense under the UCMJ has, among other rights, "[t]he right to be treated with fairness and with respect for the dignity and privacy of the victim . . . ."

"After service of charges, upon request of the defense, the Government shall permit the defense to inspect any . . . papers, documents, [or] data . . . if the item is within the possession, custody, or control of military authorities and [ ] the item is relevant to defense preparation." R.C.M. 701(a)(2)(A)(i). Upon a defense showing of its "relevance and necessity," the prosecution provides to the defense "[e]vidence under the control of the Government." R.C.M. 703(f), (g)(2).

Mil. R. Evid. 513(a) provides that, in general:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the [UCMJ], if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

Mil. R. Evid. 513(e) provides procedural rules for when a party requests the production or admission of a patient's records or communications.[4] "Before ordering the production or admission of evidence of a patient's records or communication, the military judge must conduct a hearing, which shall be closed. . . . The patient must be afforded a reasonable opportunity to attend the hearing and be heard." Mil. R. Evid. 513(e)(2). "The military judge may examine the evidence or a proffer thereof in camera, if such examination is necessary to rule on the production or admissibility of protected records or communications." Mil. R. Evid. 513(e)(3). In *Mellette*, the United States Court of Appeals for the Armed Forces held "[t]he phrase 'communication made between the patient and a psychotherapist' [in Mil. R. Evid. 513(a)] does not naturally include other evidence, such as routine medical records, that do not memorialize actual communications between the patient and the psychotherapist," and "that diagnoses and treatments contained within medical records [including mental

---

[4] For purposes of the rule, Mil. R. Evid. 513(b)(5) defines "[e]vidence of a patient's records or communications" as "testimony of a psychotherapist, or assistant to the same, or patient records that pertain to communications by a patient to a psychotherapist, or assistant to the same, for the purposes of diagnosis or treatment of the patient's mental or emotional condition."

health records] are not themselves uniformly privileged under [Mil. R. Evid.] 513." 82 M.J. at 375, 378.

## III. ANALYSIS

Petitioner KS alleges the military judge made three errors: (1) concluded the requested records were in the possession of a "military authority;" (2) abrogated his duty to review matters subject to Mil. R. Evid. 513; and (3) violated KS's right under Article 6b(a)(8), UCMJ, to be treated with fairness and with respect for her privacy and dignity. We find Petitioners failed to show that the right to issuance of the writ is clear and indisputable, and that the issuance of the writ is appropriate under the circumstances.

Petitioners face a high hurdle with respect to issue (1): they must show that records in the possession of a military unit are not in the possession of military authorities as that term is used in R.C.M. 701(a)(2)(A)(i). Consistent with our opinion in *In re HVZ*, Misc. Dkt. No. 2023-03, 2023 CCA LEXIS 292, at *13 (A.F. Ct. Crim. App. 14 Jul. 2023) (unpub. op.), we find the military judge did not clearly and indisputably err by concluding that Petitioners' records maintained by the military medical group were within the "possession, custody, or control" of a "military authority."[5] Perhaps the military judge should have applied R.C.M. 703, but we cannot conclude his application of R.C.M. 701 was erroneous such that it is clear and indisputable that a writ should issue.[6] As such, we do not concur with Petitioner KS's contention that the military judge's interpretation of "military authorities" "prevented due process and invaded [KS's] right to privacy."

Next, Petitioner KS asserts the military judge failed in his duty to hold a "hearing under [Mil. R. Evid.] 513 before ordering disclosure and production of

---

[5] In that opinion, we concluded that the records "*would seem* to fall within" the meaning of records "within the possession, custody, and control of military authorities," and found "the military judge *did not clearly and obviously err* in reaching that conclusion." *In re HVZ*, 2023 CCA LEXIS 292, at *16 (emphasis added). It is worth emphasizing that we analyzed the issues under standards of review applicable to Article 6b, UCMJ, writ petitions, not standards employed in Article 66, UCMJ, reviews.

[6] Even if they could make a showing that R.C.M. 701 does not apply, to be clear and indisputable that a writ should issue Petitioners would need to show that relief would be warranted if the military judge instead applied R.C.M. 703, which requires necessity in addition to relevance.

evidence of KS's records or communications."[7] Petitioners fail to show the military judge had such a duty before issuing his orders in this case. The Defense specifically did not request evidence protected by Mil. R. Evid. 513, which would have necessitated a hearing. The military judge ordered the military medical authority to not disclose matters subject to Mil. R. Evid. 513. Petitioner KS would have us find that the military judge is required to look through records and identify matters subject to Mil. R. Evid. 513, even when no party requested those privileged records and the military judge did not order production of privileged records. We cannot conclude the military judge's order to produce nonprivileged records without first holding a hearing pursuant to Mil. R. Evid. 513 was erroneous such that it is clear and indisputable that a writ should issue.[8] As such, we do not concur with Petitioner KS's contention that the military judge "clearly and erroneously circumvented [Mil. R. Evid.] 513 and unfairly discounted KS's privacy rights."

Petitioner KS also asserts the military judge "underwrote a fishing expedition into the private confines of KS's life, disregarding her rights." To this point, we return to issue (1). The military judge applied R.C.M. 701, which includes a requirement for relevance—a low bar, but a bar nonetheless. Additionally, in his order to the medical group, the military judge emphasized that no privileged records should be provided to counsel. In his order to trial counsel, the military judge ordered that only those records "subject to disclosure" and "relevant to the [D]efense's preparation" should be provided to the Defense. While the military judge did not determine or require the records to be necessary for the accused's defense—as is required under R.C.M. 703—we do not conclude the military judge allowed an unregulated "fishing expedition" or disregarded Petitioners' victims' rights such that it is clear and indisputable that a writ should issue.

We also address Petitioner KS's broad claim that "[i]t remains unclear in this entire proceeding wherein the rights of KS were recognized or protected" and "[t]here appears no legitimate, reasoned support for the [m]ilitary [j]udge's intransigent refusal to acknowledge the rights and equities of KS in this process." We read Petitioner KS to mean that the military judge did not allow her to be heard, or the military judge did not give her the outcome she wanted.

---

[7] We read this issue as relating only to the military judge's 20 July 2023 order to the trial counsel and the medical group, and not to trial defense counsel's motion to compel production of and to admit Mil. R. Evid. 513 matters.

[8] The United States Navy-Marine Court of Criminal Appeals recently came to a similar conclusion in *B.M. v. United States*, 83 M.J. 704, No. 202300050, 2023 CCA LEXIS 2023, at *15 (N.M. Ct. Crim. App. 14 Jun. 2023) (finding the military judge did not err in not holding a hearing pursuant to Mil. R. Evid. 513 before ordering production of only nonprivileged records).

Once again, we do not conclude the military judge erred such that it is clear and indisputable a writ should issue.

## IV. CONCLUSION

For the foregoing reasons, Petitioners have not demonstrated that the right to issuance of the writ they seek is clear and indisputable, and they have therefore failed to show the appropriateness of the requested relief.

Accordingly, the petition for extraordinary relief in the nature of a writ of mandamus under Article 6b, UCMJ, dated 24 July 2023, is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court